# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

|  |  |
|---|---|
| NU PAGAMENTOS S.A.–INSTITUIÇÃO DE PAGAMENTO<br><br>Plaintiff,<br><br>v.<br><br>GEORGE DANIEL HUDSON JR.<br><br>Defendant. | Civil Action No.<br>2:21-cv-00069-RWS<br><br><br>**JURY TRIAL DEMANDED** |

## **FIRST AMENDED COMPLAINT**

Nu Pagamentos S.A.–Instituição de Pagamento ("Nubank"), by its undersigned attorneys, brings this First Amended Complaint against Defendant George Daniel Hudson Jr. ("Hudson") for trademark infringement, false designation of origin, unfair competition, cybersquatting and false advertising under the Lanham Act 15 U.S.C. §1051 *et. seq.* and declaratory judgment under 28 U.S.C. §2201.

## **JURISDICTION AND VENUE**

1.     The Court has subject matter jurisdiction over Nubank's claims pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331 and 1338(a) because the claims arise under the Lanham Act, 15 U.S.C. §§1114, 1116, 1117, 1125(a), and 1125(d).  In addition,

the Court has subject matter jurisdiction over Nubank's declaratory judgment claim pursuant to 28 U.S.C. §2201.

2.      This Court has personal jurisdiction over Hudson because he is a citizen of the state of Georgia and resides in this judicial district.

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because a substantial part of the acts complained of herein occurred in this judicial district and Hudson is subject to personal jurisdiction in this judicial district.

## THE PARTIES

4.      Nubank is a corporation based in Brazil with a principal place of business at Rua Capote Valente 39, São Paulo, Brazil 05409-000.

5.      Upon information and belief, Hudson is an individual residing at 8330 Shadow Creek Drive, Bethlehem, GA 30620.

## FACTUAL BACKGROUND

6.      Nubank is the leading financial technology ("fintech") company in Latin America and the largest independent neobank in the world, with more than 40 million clients.

7.      Its first product, launched in 2014, is an international, no-fee credit card that is fully managed by a mobile app and used by more than 20 million customers. More than 40 million Brazilians have requested its products.

8.      In 2017, Nubank launched its proprietary loyalty rewards program ("Nubank Rewards"), as well as a digital account ("NuConta") that is already used by more than 20 million people.

9.      Nubank also has a personal loan product and over the last year has taken its first steps in international expansion, opening offices in Mexico and Colombia.

10.     To date, Nubank has raised more than US $900 million in seven equity investment rounds. Nubank's current valuation is estimated at US $30 billion.

11.     In 2019, Nubank was elected as the most innovative company in Latin America by Fast Company and in 2018 ranked no. 36 on Fast Company's 50 Most Innovative Companies ranking.

12.     Today, Nubank offers consumers various financial and banking options, including digital deposit accounts, international credit and debit cards, personal loans, bill pay services, and life insurance.

13.     Nubank's goods and services are provided and used under and by reference to the well-known mark NUBANK®.

14.     Nubank is the owner of numerous trademark registrations for the mark NUBANK® around the world including, inter alia, U.S. Trademark Registration No. 6,297,728  (i.e. the " '728 Registration") for the mark NUBANK® in connection with the following services: *Banking services; Online banking; Online banking*

*services by remote access, namely, home banking via Web-based or mobile banking applications; Credit card services, namely, issuance and administration of credit card; Debit card services, namely, issuance and administration of debit card; Financial consultation; Issuance of credit cards; Financial information and advisory services; Electronic funds transfer; Foreign exchange transactions; Saving bank services*.  See '728 Registration certificate attached hereto as **Exhibit A**.

15.    The '728 Registration entitles Nubank to the exclusive right to use the mark NUBANK® nationwide in connection with the services set forth within the registration.

16.    Nubank's trademark appears on goods, labels, packaging, advertising, promotional and collateral materials, as well as on its official website, https://nubank.com.br and on its mobile applications, as shown in the examples below:

 

17.    Nubank has engaged in substantial marketing of its goods and services, including through online, leaflets, brochures, and other promotional and advertising materials, an example of which is depicted below:



18.    Overall, Nubank has continually used its trademark in connection with its goods and services that have been advertised and promoted around the world, including the United States. For example, in the United States, there is extensive usage of Nubank-issued credit cards by customers, Nubank's marks and products have been advertised on the NASDAQ billboard in New York City, and many of Nubank's investors are based in the United States.

19.    Through Nubank's extensive promotion efforts, the NUBANK® mark has become associated with Nubank as the source of goods and services offered in connection with the mark.

## **HUDSON'S UNLAWFUL CONDUCT APPLICABLE TO CLAIMS**

20.     This Action arises from Hudson's unauthorized use in commerce of Nubank's federally registered NUBANK® mark in connection with the sale, offering for sale, distribution, and advertising of infringing goods and/or services.

21.     Upon information and belief, Hudson is a former consultant who, in or around 2008, began acquiring domain names for resale purposes. Upon information and belief, at least for the past five years, Hudson's primary business has been the acquisition of domain names solely in order to profit from their resale and without any intent to use the domain names in the *bona fide* offering of goods or services.

22.     Hudson has never filed an application for registration of the NUBANK mark, and does not otherwise own any registered rights to the NUBANK mark, or any right, title, and/or interest in the NUBANK mark whatsoever.

23.     Upon information and belief, Hudson has never established any common law trademark rights to the NUBANK mark through actual use in commerce of the term "nubank" in connection with any of his goods or services.

24.     Upon information and belief, to the extent Hudson claims to have used the term "nubank" in the past, Hudson has never offered for sale, sold, provided, rendered, or performed any banking services, let alone used the term "nubank" in connection with any banking services.

25.     Upon information and belief, to the extent Hudson claims to have used the term "nubank" in the past, no consumers in any geographical area have come to associate the term "nubank" with Hudson or any of his purported goods and/or services, including but not limited to any purported banking services.

26.     Upon information and belief, even in the event that Hudson can show that he at one time used the term "nubank" as a trademark in providing any goods and/or rendering any services, Hudson has not used "nubank" in commerce for at least more than three years before the registration date of the NUBANK mark on March 23, 2021, such that any common law rights that Hudson may have acquired in and to the NUBANK mark have been abandoned.

**A.     Hudson's Unauthorized Use of Plaintiff's NUBANK® Mark**

27.     Although Hudson does not have (and never had) any business relationship with Nubank, since at least as early as 2015 Hudson has actively sought to associate himself with Nubank and benefit from the goodwill and reputation of the NUBANK® mark.

28.     For example, without Nubank's authorization, Hudson: (i) published statements, including through LinkedIn, falsely identifying himself as the creator of the NUBANK® mark and brand, (ii) claimed to be a "partner" of Nubank, and (iii)

represented himself as "Nubank global." *See* screenshots of Nubank's LinkedIn pages attached hereto as **Exhibit B.**

29.    Furthermore, Hudson has used platforms such as LinkedIn to solicit money from Nubank's customers and business associates while pretending to be associated with Nubank. For example, Hudson sent messages to Nubank's customers and business associates asking them to join a program "regarding digital banking, fintech and payments" and implied that the program had been sponsored, authorized, approved, or otherwise associated with "his associates" at Nubank.

30.    Nubank has also identified several instances of Hudson misleading individuals interested in pursuing career opportunities at Nubank.  For example, due to Hudson's deceptive online conduct, he received a resume from a Nubank prospective employee through LinkedIn.  Rather than making it clear that he had no association with Nubank, Hudson reviewed her resume and told the prospective employee that he would forward her resume to executives of Nubank.

31.    Hudson has also attempted to tarnish the reputation of Nubank by publishing statements online alleging that Nubank stole his company name and falsely asserting that Nubank is financially unstable. He has made false allegations to Nubank customers, employees, business partners, and the media asserting that Nubank is "bankrupt," "bleeding cash," and has a "negative operating balance sheet."

32.   This is not the first time Hudson has been accused of fraud or other unlawful conduct. According to one online Scam Alert against Hudson, "Charles Lee Bradley, an employee of SAMCO Capital Markets and then Commerce Street Capital [sued] Dan Hudson for defamation, Lanham Act violations, and related torts arising from Hudson's unrelenting campaign of personal attacks, harassment, and tortious interference." *See* **Exhibit C**, Scam Report against Dan Hudson submitted on May 14, 2013.   On September 9, 2010, the court in that case awarded the plaintiff $644,771.45 against Hudson.  *See* <u>Dkt. No. 39</u> in *Bradley v. Hudson et al.,* Case No. 6:08-cv-00430 (E.D. Tex. September 9, 2010).

33.   More recently, Hudson has engaged in a campaign to harass and threaten Nubank's executives' lives and safety. On September 30, 2020, Hudson sent an e-mail to Nubank's founders in which he stated "I want you to know that when we settle up its going to cost you your life! I think watching you in a bull ring in Mexico would be most fitting." As another example, on January 31, 2021, Hudson sent an e-mail to Nubank's founders warning, "If you were to try in [sic] leave the country I would be concerned as to your safety."

**B.**   <u>**Hudson's Bad Faith Cybersquatting Activities**</u>

34.   Upon information and belief, Hudson first registered the internet domain name <u>www.nubank.com</u>, which wholly incorporates Nubank's NUBANK® mark in

1997.  Although Hudson ceased using the domain name at least three years and likely a decade or more prior to, Hudson renewed the registration of the domain name www.nubank.com on November 3, 2020.  *See* March 26, 2021 WHOIS database domain listing for the domain name www.nubank.com, attached hereto as **Exhibit D.**

35.     Upon information and belief, Hudson renewed the registration for the domain name www.nubank.com at a time when Nubank's NUBANK® Mark was distinctive and/or famous within the meaning of 15 U.S.C. §1125(d)(1)(A)(ii) in bad faith for only the purpose of keeping it as ransom in order to extract an unfair payment from Nubank.

36.     Because the domain name www.nubank.com incorporates Nubank's NUBANK® mark and/or because it is almost identical to Nubank's current domain name, customers of Nubank visiting Hudson's website located at www.nubank.com mistake Hudson for Nubank and/or that Hudson is somehow associated with Nubank.

37.     Upon information and belief, for years prior to the initial filing date of this Action, the website displayed at the domain name www.nubank.com was merely a landing page that linked to websites of other companies that compete with Nubank, including, for example, links to the website for Eastern Bank and to websites

designed to assist users in searching for credit card options. Attached as **Exhibit E** to the Complaint is a screenshot of Hudson's webpage on display at www.nubank.com as of September 30, 2020.

38. Upon information and belief, in response to Nubank's offer to purchase the domain name, Hudson created and displayed a new website at www.nubank.com in November 2020 showing only the logo depicted below on the left in comparison with Nubank's logo on the right:

 

39. The logo created and displayed by Hudson on the website at www.nubank.com wholly incorporates Nubank's registered mark and copies elements of logos used by Nubank, including the style of font and the purple color. Upon information and belief, Hudson intentionally copied Nubank's logo in addition to the NUBANK Mark in furtherance of his efforts to confuse consumers and to cause them to falsely associate him with Nubank.

40.     Upon information and belief, in March 2021, after the initial filing date of this Action, Hudson again updated the website shown at the www.nubank.com domain, this time adding statements claiming "Dan created the Nubank name in the late 1970s" and "Hudson offers banking expertise and consulting services." Attached as **Exhibit F** to the Complaint is a screenshot of Hudson's webpage on display at www.nubank.com as of October 20, 2021.   The advertising and promotion of "banking and consulting services" is in violation of Plaintiff's rights to the mark NUBANK in the United States, including the rights conferred by Plaintiff's '728 Registration.

41.     Upon information and belief, until after the initial filing date of this Action, Hudson has never advertised, promoted, or offered to provide any banking services, nor represented that he offered any banking services on a website located at the www.nubank.com domain.   Upon information and belief, Hudson modified the webpage on display at www.nubank.com to its current state after Nubank filed this Action in order to manufacture the "evidence" necessary to support his counterclaims and affirmative defenses.

42.     Upon information and belief, in addition to "cybersquatting" on the www.nubank.com domain name, Hudson disclosed in discovery that he had registered, renewed, and/or otherwise acquired a number of other domain names that

incorporate or are confusingly similar to Plaintiff's registered NUBANK mark, including at least: nubankglobal.com, nubank.net, and nubankinfo.com. *See* September 22, 2021 WHOIS database domain listing for the nubankglobal.com, nubank.net, and nubankinfo.com domain names, attached hereto as **Exhibit G**.

43. Upon information and belief, until on or around October 14, 2021, the website displayed at the www.nubank.net website was also merely a landing page with only advertising links. Upon information and belief, Hudson used a script that translated and displayed all text shown on the www.nubank.net in Brazilian Portuguese in an effort to further confuse consumers with false advertisements trading off of Nubank's name and Mark. *See, e.g.,* screenshot of Hudson's webpage on display at www.nubank.net as of September 1, 2021, attached hereto as **Exhibit H**. Upon information and belief, on or around October 14, 2021 and only after his counsel becoming apprised of Nubank's intent to challenge this use and registration of the nubank.net domain name, Hudson modified the settings associated with www.nubank.net such that all traffic to the www.nubank.net website is now redirected to Hudson's webpage on display at www.nubank.com in order to conceal his false advertising and intentional unlawful use of Plaintiff's Mark and bad faith use and registration of the nubank.net domain name

44.    Upon information and belief, Hudson registered, renewed, and/or otherwise acquired all these domain names that incorporate or are confusingly similar to Nubank's registered NUBANK mark at a time when the NUBANK mark was distinctive, solely in order to profit in bad faith from the sale of the domain names to Nubank without having used any of the domain names in the bona fide offering of any goods or services himself.

45.    Upon information and belief, Hudson holds these domain names that incorporate Nubank's registered NUBANK mark solely in order to prevent Plaintiff from using the domain names for legitimate business purposes and the bona fide offering of any goods or services.

46.    As one example of Hudson's bad faith, he demanded that Nubank pay what Hudson describes as a "king's bounty" to purchase the domain names that he does not use, in ever-growing amounts that are grossly higher than the amount he paid to purchase the domain from the domain name registrar.

47.    In addition to the foregoing domain names that incorporate Nubank's registered mark NUBANK, Hudson has similarly registered or otherwise acquired multiple domain names that contain the marks of third parties including, for example, those of Apple Inc., such as: ipadbank.club, iphonebank.club, iphonebank.us, and ipadbank.us.  Hudson has engaged in a pattern of this type of

bad faith conduct solely for his financial gain without having used any of the domain names for the bona fide offering of any goods or services. Other domain names Hudson has registered in bad faith intent to profit include: denovobanks.us, startabankca.com, startadigitalbank.com, startabank.com, fintechbank.me, Startabank.us, Startabank.biz, BankIPO.com, denovobank.com, denovobankcapital.com, ebankmarketing.com, ebankstocks.com, ebankcapital.com, USbankhistory.com, HispanicBankMarketing.com, NativeAmericanBankers.com, nnovatorsbank.com, innovatorsbank.com, bankmark.org, bankhistory.org, banknbox.com, qmoney.us, jumpstartbanks.com, and upstartbank.us.

## COUNT I
## Trademark Infringement
## (15 U.S.C. §1114(1))

48.    Nubank specifically incorporates and references the allegations asserted in each of the preceding paragraphs, as if fully set forth herein.

49.    Nubank has continually used its trademark as a source identifier in connection with its goods and services in interstate commerce within the United States and around the world.  Nubank's rights in its mark have priority over Hudson's use by virtue of Nubank's long and continuous use of it in commerce and the federal rights to the NUBANK Mark conferred by Nubank's '728 Registration. Without authorization or consent of Nubank, Hudson advertises goods and services to the

general public using trademarks and designations that are confusingly similar to Nubank's trademark.

50.    Hudson's unauthorized use of Nubank's NUBANK® Mark and similar designations in the advertising of and in connection with his goods and/or services is likely to cause confusion, mistake, and deception among the general public as to the origin of the goods and services advertised by Hudson, or as to whether the goods and services are sponsored by/affiliated with or otherwise connected to Nubank in violation of 15 U.S.C. §1114(1).

51.    By using Nubank's NUBANK® Mark and confusingly similar designations and images thereto, and by advertising goods and services to the general public in connection with Nubank's NUBANK® Mark and/or confusingly similar variants thereof, for profit and without Nubank's authorization, Hudson is depriving Nubank of its exclusive right to control and benefit from its trademark.  If permitted to continue, Hudson's actions will nullify Nubank's right to exclusive use of its trademark, free from infringement, and will have a substantial and adverse effect on Nubank's existing and projected future business of marketing goods and services identified by its trademark.

52.    Nubank has been damaged by Hudson's activities and conduct.  Hudson has profited thereby and, unless their conduct is enjoined, Nubank's good will and

reputation will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages.

53.   By using the NUBANK® mark and confusingly similar designations, and advertising goods and services to the general public in connection with such marks and/or confusingly similar variants thereof, Hudson has intentionally and knowingly infringed Nubank's rights.

54.   By virtue of Hudson's actions, he has engaged in trademark infringement in violation of 15 U.S.C. §1114.

## COUNT II
## Unfair Competition and False Designation of Origin
## (15 U.S.C. §1125(a))

55.   Nubank specifically incorporates and references the allegations asserted in each of the preceding paragraphs, as if fully set forth herein.

56.   Hudson improperly uses Nubank's NUBANK® Mark as a designation to advertise his goods and services in a way that is likely to cause confusion, mistake, and deception among the general public as to the origin of the goods and services, and/or as to whether Hudson is sponsored by, affiliated with, or otherwise connected with Nubank, in violation of 15 U.S.C. §1125(a).

57.   Additionally, Hudson's false and misleading representations of fact about his purported business and about Nubank's business also violate 15 U.S.C. §1125(a).

58.    Nubank has been damaged by Hudson's activities and conduct.  Hudson has profited thereby and, unless their conduct is enjoined, Nubank's reputation and goodwill will continue to suffer irreparable injury that cannot be adequately calculated or compensated by money damages.

59.    By using marks, designations, and images that are confusingly similar to Nubank's NUBANK® Mark to advertise his goods and services to the general public, and by making false and misleading representations of fact about his purported business and about Nubank's business, Hudson has intentionally and knowingly engaged in unfair competition and false designation of origin.

60.    By virtue of Hudson's actions, he has engaged in unfair competition and false designation of origin in violation of 15 U.S.C. §1125(a).

**COUNT III**
**False Advertising**
**(15 U.S.C. §1125(a)(1)(B))**

61.    Nubank specifically incorporates and references the allegations asserted in each of the proceeding paragraphs, as if fully set forth herein.

62.    In commercial advertising and promotion, including through statements published on LinkedIn, Hudson falsely purports that he has a company associated with the banking and fintech industry and/or Nubank's business, and Hudson has

made false statements about the financial health of Nubank's business and falsely asserted that Nubank stole its brand from Hudson.

63.     Hudson's published statements about Nubank's business are false and, upon information and belief, his statements about his own purported business are false because he does not have a business associated with the banking and fintech industry.

64.     Hudson's false advertising harms Nubank at least because the statements cause consumers to falsely associate Hudson with Nubank and to associate his purported business with Nubank, thereby eroding the reputation of Nubank.

65.     By virtue of Hudson's actions, he has engaged in false advertising in violation of 15 U.S.C. §1125(a)(1)(B).

<div align="center">

**COUNT IV**
**Anticybersquatting Consumer Protection Act**
**(15 U.S.C. §1125(d))**

</div>

66.     Nubank specifically incorporates and references the allegations asserted in each of the preceding paragraphs, as if fully set forth herein.

67.     Nubank engages in interstate activities designed to promote its goods and services, as well as the goodwill associated with its NUBANK® Mark.

68.    Nubank's NUBANK® Mark has been, and will continue to be, known throughout the United States and around the world as identifying and distinguishing Nubank's business and services.

69.    Without authorization or consent, Hudson has registered, renewed, and/or otherwise acquired in bad faith domain names that incorporate Nubank's NUBANK® Mark, at least including: www.nubank.com, www.nubankglobal.com, www.nubank.net, and nubankinfo.com, at a time when Nubank's NUBANK® Mark was distinctive and/or famous within the meaning of 15 U.S.C. §1125(d)(1)(A)(ii).

70.    Hudson registered, renewed, and/or otherwise acquired these domain names in bad faith with only the intent to profit, and without having used or the intent to use any of the domain names in the bona fide offering of goods or services.  By registering, renewing, and/or otherwise acquiring these domain names in bad faith, Hudson has prevented Nubank from using any of the domain names for legitimate business purposes, including the bona fide offering of goods or services associated with its NUBANK® mark.

71.    Hudson has a bad faith intent to profit from trafficking in domain names that are confusingly similar or dilutive of the NUBANK® mark, within the meaning of 15 U.S.C. §1125(d)(1)(A)(i), which is evidenced, for example, by Hudson's demand

that Nubank pay him several hundred thousand dollars to purchase www.nubank.com from him.

72.    Hudson traffics in domain names that are confusingly similar or dilutive of Nubank's NUBANK® mark, which, at the time of the registration and/or renewal of such domain names, was distinctive and/or famous within the meaning of 15 U.S.C. §1125(d)(1)(A)(ii).

73.    Nubank has been damaged by Hudson's activities and conduct.  Hudson has profited in bad faith and/or intends to profit in bad faith, and unless he is required to forfeit and transfer to Nubank all domain names that incorporate the NUBANK® mark pursuant to 15 U.S.C. §1125(d)(1)(C) and his unlawful conduct is enjoined pursuant to 15 U.S.C. §1116(a), Nubank's reputation and goodwill will continue to suffer irreparable injury that cannot be adequately calculated or compensated by money damages.

74.    By virtue of Hudson's unlawful conduct, he has engaged in cybersquatting in violation of 15 U.S.C. §1125(d), for which Nubank is entitled to statutory damages under 15 U.S.C. §1117(d).

**COUNT V**
**Declaratory Judgment**
**28 U.S.C. § 2201**

75.     Nubank specifically incorporates and references the allegations asserted in each of the preceding paragraphs, as if fully set forth herein.

76.     A genuine and actual controversy exists between Nubank and Hudson regarding rights in the NUBANK® mark.

77.     Under 28 U.S.C. §2201, the Court may declare the rights of Nubank.

78.     As outlined herein, Nubank's NUBANK® mark is registered with the United States Patent and Trademark Office.

79.     Furthermore, Nubank has continually used the NUBANK® mark in connection with its goods and services and the term "Nubank" has come to be associated with Nubank.

80.     Therefore, Nubank respectfully requests a declaration that: (i) Nubank has the exclusive right to use the NUBANK®; and (ii) Hudson has no right to use "Nubank" or any confusingly similar word or designation.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Nubank respectfully requests that this Court:

ii.     Preliminarily and permanently enjoin Hudson to cease and desist from using the NUBANK® mark and any confusingly similar designations and to discontinue his current infringing practices pursuant to 15 U.S.C. § 1116.

iii.    Enter judgment in favor of Plaintiff Nubank on the counts asserted herein and award Nubank all damages caused by the acts forming the basis of this Complaint, including, without limitation, Hudson's profits and Nubank's actual damages.

iv.    Issue a declaration that Nubank has the exclusive right to use the NUBANK® mark and Hudson has no right to use "Nubank" or confusingly similar words and designations.

v.    Award treble damages to Nubank pursuant to 15 U.S.C. §1117(a) due to Hudson's willful, knowing, and intentional infringement of the NUBANK® mark.

vi.    Award statutory damages to Nubank pursuant to 15 U.S.C. §1117(d) due to Hudson's cybersquatting activities.

vii.    Order Hudson to pay Nubank's the cost of this action and Nubank's reasonable attorneys' fees pursuant to 15 U.S.C. §1117(a).

viii.    Order Hudson to destroy all products, items, articles, labels, signs, prints, packages, wrappers, receptacles and advertisements bearing Nubank's trademark, pursuant to 15 U.S.C. § 1118.

ix.    Order Hudson to forfeit and transfer to Nubank the domain name www.nubank.com and all other domain names that incorporate the NUBANK® mark or any other confusingly similar term, including but not limited to nubankglobal.com, nubank.net, and nubankinfo.com.

x.     Order Hudson to cease and desist his unlawful use of "Nubank" in connection

with his business.

xi.     Award Nubank such further relief as it deems just, proper, and equitable.

## **JURY DEMAND**

Nubank demands a trial by jury on all issues so triable.


*[SIGNATURES APPEAR ON THE NEXT PAGE]*

Dated: October 22, 2021

Respectfully submitted,

Lucas W. Andrews
(GA Bar No. 019533)
luke@poolehuffman.com
**POOLE HUFFMAN LLC**
3562 Habersham at Northlake
Building J, Suite 200
Tucker, GA 30084
Tel.  (770) 988-6574
Fax.  (888) 709-5723

*Attorneys for Plaintiff Nu
Pagamentos S.A.–Instituição de
Pagamento*

/s/ *Matthew T. McLaughlin*
Matthew T. McLaughlin
(*admitted pro hac vice*)
mmclaughlin@nixonpeabody.com
Tarae L. Howell
(*admitted pro hac vice*)
thowell@nixonpeabody.com
**NIXON PEABODY LLP**
Exchange Place
53 State Street
Boston, MA 02109
Tel. (617) 345-1000
Fax (617) 345-1300

David L. May
(*admitted pro hac vice*)
dmay@nixonpeabody.com
**NIXON PEABODY LLP**
799 9th Street NW, Suite 500
Washington, DC 20001
Tel. (202) 585-8000
Fax (202) 585-8080

*Attorneys for Plaintiff Nu
Pagamentos S.A.–Instituição de
Pagamento*

# EXHIBIT A

# United States of America

## United States Patent and Trademark Office

# NUBANK

**Reg. No. 6,297,728**

**Registered Mar. 23, 2021**

**Int. Cl.: 36**

**Service Mark**

**Principal Register**

NU PAGAMENTOS S.A.  (BRAZIL CORPORATION)
Rua Capote Valente, 39
São Paulo, BRAZIL 05409000

CLASS 36: Banking services; Online banking; Online banking services by remote access, namely, home banking via Web-based or mobile banking applications; Credit card services, namely, issuance and administration of credit card; Debit card services, namely, issuance and administration of debit card; Financial consultation; Issuance of credit cards; Financial information and advisory services; Electronic funds transfer; Foreign exchange transactions; Saving bank services

FIRST USE 1-00-2018; IN COMMERCE 1-00-2018

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 86-984,586, FILED 04-04-2016





Performing the Functions and Duties of the
Under Secretary of Commerce for Intellectual Property and
Director of the United States Patent and Trademark Office



**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten Years***
**What and When to File:**

- ***First Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. See 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- ***Second Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

***ATTENTION MADRID PROTOCOL REGISTRANTS:*** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. See 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.

# EXHIBIT B

Dan Hudson comentou isso                                    ⌄

**Abner Lucas silva celestino** • 3º e +
Atendente na Mais eletronicos
1 m • ⦿

Quero ser do time Nubank  como consigo trabalhar com
vocês na Área de atendimento ao cliente em Home office?



🙂❤️💚 617                                      31 comentários

| 👍 Gostei | 💬 Comentar | ↪ Compartilhar | ➢ Enviar |
|---|---|---|---|



**Dan Hudson** • 2º
.
Great Idea by our Partner in Brazil we are NuBank
Global

Visualizar tradução

👍 • 1 gostou    | 💬



# EXHIBIT C



SCAM: #15998

# SCAM ALERT

Person

## Dan Hudson

### Dan Hudon & Nubank are defamers

#### San Obispo, California

Nubank founder Dan Hudson turns out to be a fraud

KCW represents client in defamation Lanham Act case, celebrates another win

KCW successfully represented Charles Lee Bradley, an employee of SAMCO Capital Markets and then Commerce Street Capital, in a suit against Dan Hudson for defamation, Lanham Act violations, and related torts arising from Hudson's unrelenting campaign of personal attacks, harassment, and tortious interference. Commerce Street Capital is a privately held investment banking firm. Dan Hudson operates under many different names – including NuBank, startabank.com, banknbox.com, Bankmark Financial and Marketing Services, hispanicbankmarketing.com, denovobanks.com, bankipo.com – in direct competition with Bradley, SAMCO and Commerce Street.

On September 9, 2010, United States District Judge Michael H. Schneider signed an Award of Damages and Permanent Injunction against Hudson, including retention of jurisdiction to enforce this injunction. Our client was awarded $94,772.45 for tortious interference, defamation, and negligence; $250,000.00 for lost fees under the Lanham Act; $300,000.00 in general damages; plus attorneys' fees of $67,423.81. In addition, Hudson and any of his current or future corporate entities are "forever enjoined from making any false or inaccurate statements to any third party who engages in business with Bradley," SAMCO or Commerce Street Capital and from misdirecting internet search engine traffic to himself.

Most of the banks he formed a decade ago are out of business. Now Mr. Hudson spends his days defaming others in an attempt to self gratify his bipolar needs.

**Scam Images**





**Comments**

Post A Scam | Current Scams | Top 10 Scammers | FAQ Legal Issues | About Us | Privacy Statement

# EXHIBIT D





# Search the WHOIS Database

nubank.com                                                                      Search

## WHOIS search results

Domain Name: NUBANK.COM
Registry Domain ID: 224612_DOMAIN_COM-VRSN
Registrar WHOIS Server: whois.networksolutions.com
Registrar URL: http://networksolutions.com
Updated Date: 2020-11-03T05:36:49Z
Creation Date: 1997-04-23T04:00:00Z
Registry Expiry Date: 2024-04-24T04:00:00Z
Registrar: Network Solutions, LLC
Registrar IANA ID: 2
Registrar Abuse Contact Email: abuse@web.com
Registrar Abuse Contact Phone: +1.8003337680
Domain Status: clientTransferProhibited https://icann.org/epp#clientTransferProhibited
Name Server: NS4.WIXDNS.NET
Name Server: NS5.WIXDNS.NET
DNSSEC: unsigned
URL of the ICANN Whois Inaccuracy Complaint Form: https://www.icann.org/wicf/
>>> Last update of whois database: 2021-03-26T16:10:56Z <<<
For more information on Whois status codes, please visit https://icann.org/epp
NOTICE: The expiration date displayed in this record is the date the
registrar's sponsorship of the domain name registration in the registry is
currently set to expire. This date does not necessarily reflect the expiration
date of the domain name registrant's agreement with the sponsoring
registrar. Users may consult the sponsoring registrar's Whois database to
view the registrar's reported date of expiration for this registration.
TERMS OF USE: You are not authorized to access or query our Whois
database through the use of electronic processes that are high-volume and
automated except as reasonably necessary to register domain names or
modify existing registrations; the Data in VeriSign Global Registry
Services' ("VeriSign") Whois database is provided by VeriSign for

Privacy - Terms

information purposes only, and to assist persons in obtaining information about or related to a domain name registration record. VeriSign does not guarantee its accuracy. By submitting a Whois query, you agree to abide by the following terms of use: You agree that you may use this Data only for lawful purposes and that under no circumstances will you use this Data to: (1) allow, enable, or otherwise support the transmission of mass unsolicited, commercial advertising or solicitations via e-mail, telephone, or facsimile; or (2) enable high volume, automated, electronic processes that apply to VeriSign (or its computer systems). The compilation, repackaging, dissemination or other use of this Data is expressly prohibited without the prior written consent of VeriSign. You agree not to use electronic processes that are automated and high-volume to access or query the Whois database except as reasonably necessary to register domain names or modify existing registrations. VeriSign reserves the right to restrict your access to the Whois database in its sole discretion to ensure operational stability. VeriSign may restrict or terminate your access to the Whois database for failure to abide by these terms of use. VeriSign reserves the right to modify these terms at any time.

The Registry database contains ONLY .COM, .NET, .EDU domains and Registrars.

## Want to buy this domain?

Get it with our Domain Broker Service.

Go

## Get our newsletter, join the community:

Email Address

SIGN UP

Privacy · Terms

# EXHIBIT E

9/30/2020



Nubank.com

Ads for "Online Banking"

**1**

**Eastern Bank® - Mobile & Online Banking**

Sponsored · Let Our Mobile Banking App Is Perfect For People On The Go, With Secure And Easy Access. Eastern Bank® has Given $ 140MM Since 1999. Supporting 1,500 Organizations Every Year.

www.easternbank.com/Learn_More_Now/Eastern_Bank

**2**

**3 Best Savings Account of 2020 - Rates Comparison Chart**

Sponsored · Let 3 × the National Average Savings Rate. No Fees. Updated Daily. FDIC.

myratesplace.com/Online/Savings-Rates

**3**

**Get A Fresh Start to 2020 - Banks Pay You For New Accounts**

Sponsored · Americans are getting amazing cash bonuses for opening new checking accounts

blog.wiki.credit/Free/Checking

Privacy Policy

Q

Advertisements

# EXHIBIT F



Welcome to Nubank. Nubank.com has been owned and operated by Dan Hudson since 1997. Dan created the Nubank name in the late 1970s.

Hudson has more than 40 years of experience in the banking industry and has particular expertise in forming new banks. Hudson offers banking expertise and consulting services.

Hudson has been quoted or featured in major press outlets like American Banker, Barron's, Kiplinger's Personal Finance, Bank Advisor, Charlotte Business Journal, Hispanic Trending, the Los Angeles Times, St. Petersburg Times, Smart Money, Wealth Management, and Banking Dive.

Dan Hudson has also been recognized for his expertise in numerous white papers, such as those published by the Cascades West Economic Development District and Harvard University's Mossavar-Rahmani Center for Business & Government.

If you are interested in reaching Dan for consulting services, he can be reached at nubankguru@yahoo.com. Thank you for your interest in Nubank and Mr. Hudson's banking services.

# EXHIBIT G

English

**ICANN** | L O O K U P (/)

# Registration data lookup tool

Enter a domain name or an Internet number resource (IP Network or ASN)      Frequently Asked Questions (FAQ) (/faq)

nubank.net

Lookup

By submitting any personal data, I acknowledge and agree that the personal data submitted by me will be processed in accordance with the ICANN Privacy Policy (https://www.icann.org/privacy/policy), and agree to abide by the website Terms of Service (https://www.icann.org/privacy/tos) and the registration data lookup tool Terms of Use (unsafe:javascript:void(0)).

## Domain Information

**Name:** NUBANK.NET

**Registry Domain ID:** 1506343945_DOMAIN_NET-VRSN

**Domain Status:**
clientTransferProhibited (https://icann.org/epp#clientTransferProhibited)

**Nameservers:**
NS1.BLUEHOST.COM
NS2.BLUEHOST.COM

## Dates

**Registry Expiration:** 2023-07-04 11:49:45 UTC

**Created:** 2008-07-04 11:49:45 UTC

## Contact Information

### Registrant:

**Name:** Domain Privacy Service FBO Registrant

**Email:** whois@bluehost.com

**Status:** active

**Phone:** tel:+1.8017659400

**Fax:** tel:

**Kind:** individual

**Mailing Address:** 10 CORPORATE DR, STE 300, Burlington, Massachusetts, 01803, US

## Administrative:

**Name:** Domain Privacy Service FBO Registrant

**Email:** whois@bluehost.com

**Status:** active

**Phone:** tel:+1.8017659400

**Fax:** tel:

**Kind:** individual

**Mailing Address:** 10 CORPORATE DR, STE 300, Burlington, Massachusetts, 01803, US

## Technical:

**Name:** Domain Privacy Service FBO Registrant

**Email:** whois@bluehost.com

**Status:** active

**Phone:** tel:+1.8017659400

**Fax:** tel:

**Kind:** individual

**Mailing Address:** 10 CORPORATE DR, STE 300, Burlington, Massachusetts, 01803, US

## Billing:

**Name:** Domain Privacy Service FBO Registrant

**Email:** whois@bluehost.com

**Status:** active

**Phone:** tel:+1.8017659400

**Fax:** tel:

**Kind:** individual

**Mailing Address:** 10 CORPORATE DR, STE 300, Burlington, Massachusetts, 01803, US

# Registrar Information

**Name:** FastDomain Inc.

**IANA ID:** 1154

**Abuse contact email:** compliance@domain-inc.net

**Abuse contact phone:** tel:+1-602-226-2389

# DNSSEC Information

**Delegation Signed:** Unsigned

# Authoritative Servers

**Registry Server URL:** https://rdap.verisign.com/net/v1/domain/nubank.net (https://rdap.verisign.com/net/v1/domain/nubank.net)

**Last updated from Registry RDAP DB:** 2021-09-22 02:37:45 UTC

**Registrar Server URL:** https://rdap.fastdomain.com/domain/NUBANK.NET (https://rdap.fastdomain.com/domain/NUBANK.NET)

**Last updated from Registrar RDAP DB:** 2021-09-22 11:38:18 UTC

# Notices and Remarks

# Notices:

**Status Codes**

For more information on domain status codes, please visit https://icann.org/epp

https://icann.org/epp (https://icann.org/epp)

**Terms of Use**

For more information on Whois status codes, please visit https://icann.org/epp

The data in the FastDomain Inc. WHOIS database is provided
to you by FastDomain Inc. for information purposes only,
that is, to assist you in obtaining information about or related to
a domain name registration record. FastDomain Inc. makes
this information available "as is," and does not guarantee its
accuracy. By submitting a WHOIS query, you agree that you will use
this data only for lawful purposes and that, under no circumstances
will you use this data to: (1) allow, enable, or otherwise support
the transmission of mass unsolicited, commercial advertising or
solicitations via direct mail, electronic mail, or by telephone; or
(2) enable high volume, automated, electronic processes that apply
to FastDomain Inc. (or its systems). The compilation,
repackaging, dissemination or other use of this data is expressly
prohibited without the prior written consent of
FastDomain Inc.. FastDomain Inc. reserves the
right to modify these terms at any time. By submitting this query,
you agree to abide by these terms.

UNLIMITED storage, bandwidth and domains on one account. Also receive a *FREE* domain for one year when yo
u host with http://www.fastdomain.com/

https://www.fastdomain.com/ (https://www.fastdomain.com/)

**RDDS Inaccuracy Complaint Form**

URL of the ICANN RDDS Inaccuracy Complaint Form: https://www.icann.org/wicf/

https://www.icann.org/wicf/ (https://www.icann.org/wicf/)

**Data Policy**

The contact information for one or more entities associated with this domain has been redacted in accordance with t
he entity's disclosure preferences.



Youtube
(http://www.youtube.com/icannnews)



Twitter
(https://www.twitter.com/icann)



Linkedin
(https://www.linkedin.com/company/icann)



Flickr
(http://www.flickr.com/photos/icann)



Facebook
(http://www.facebook.com/icannorg)



Newletters
(https://www.icann.org/resources/pages/global-
newsletter-2018)



9/22/21, 1:44 PM
WHOIS Lookup | Domain Lookup and Availability Checker | Domain.com
Case 2:21-cv-00069-RWS Document 55 Filed 12/08/21 Page 48 of 53

 

# WHOIS LOOKUP

nubankglobal.com                                                                                                 🔍

<div style="border: 1px solid red;">

SEARCH

</div>

I'm not a robot

reCAPTCHA
Privacy - Terms

That domain is taken. Results below:

## Want a similar domain?

Browse similar domain names that are available for registration.

SEARCH MORE DOMAINS (/REGISTRATION?FLOW=DOMAINDFE)

Make the most of your domain name by adding hosting or professional email.

## Is this your domain?

**Existing customer?**
Log in to check out additional products and services.

**Not a customer?**
Transfer your domain to see all that we have to offer.

LOG IN (HTTPS://WWW.DOMAIN.COM/SECURE/LOGIN.BML)

TRANSFER (/DOMAINS/TRANSFER)

WHOIS Search Results:

Domain Name: NUBANKGLOBAL.COM
Registry Domain ID: 2610569726_DOMAIN_COM-VRSN
Registrar WHOIS Server: whois.internet.bs
Registrar URL: http://www.internetbs.net
Updated Date: 2021-08-29T15:47:42Z
Creation Date: 2021-05-08T05:43:03Z
Registrar Registration Expiration Date: 2022-05-08T05:43:03Z
Registrar: Internet Domain Service BS Corp.
Registrar IANA ID: 2487
Registrar Abuse Contact Email: abuse@internet.bs

Registrar Abuse Contact Phone: +1.5163015301
Reseller:
Domain Status: clientTransferProhibited - http://www.icann.org/epp#clientTransferProhibited
Registry Registrant ID: Not disclosed
Registrant Name: Domain Admin
Registrant Organization: Whois Privacy Corp.
Registrant Street: Ocean Centre, Montagu Foreshore, East Bay Street
Registrant City: Nassau
Registrant State/Province: New Providence
Registrant Postal Code:
Registrant Country: BS
Registrant Phone: +1.5163872248
Registrant Phone Ext:
Registrant Fax:
Registrant Fax Ext:
Registrant Email: nubankglobal.com-owner-bzn0@customers.whoisprivacycorp.com
Registry Admin ID: Not disclosed
Admin Name: Domain Admin
Admin Organization: Whois Privacy Corp.
Admin Street: Ocean Centre, Montagu Foreshore, East Bay Street
Admin City: Nassau
Admin State/Province: New Providence
Admin Postal Code:
Admin Country: BS
Admin Phone: +1.5163872248
Admin Phone Ext:
Admin Fax:
Admin Fax Ext:
Admin Email: nubankglobal.com-admin-dsep@customers.whoisprivacycorp.com
Registry Tech ID: Not disclosed
Tech Name: Domain Admin
Tech Organization: Whois Privacy Corp.
Tech Street: Ocean Centre, Montagu Foreshore, East Bay Street
Tech City: Nassau
Tech State/Province: New Providence
Tech Postal Code:
Tech Country: BS
Tech Phone: +1.5163872248
Tech Phone Ext:
Tech Fax:
Tech Fax Ext:
Tech Email: nubankglobal.com-tech-fyqt@customers.whoisprivacycorp.com
Name Server: ns1.thednscloud.com
Name Server: ns2.thednscloud.com
DNSSEC: unsigned
URL of the ICANN WHOIS Data Problem Reporting System: https://www.icann.org/wicf/
>>> Last update of WHOIS database: 2021-09-22T20:43:22Z <<<


For more information on Whois status codes, please visit https://icann.org/epp


Check who owns a domain

Your WHOIS Lookup results will reveal who or what entity owns or manages that domain name, including their contact information such as name, phone number and address.

## Search domain availability or expiration

Have your eye on the perfect new domain name or website? Your WHOIS search will tell you whether the domain is available for registration or when it is set for expiration!

## Frequently Asked Questions

### ⌄ What is WHOIS?

Whenever a domain is registered, the International Corporation for Assigned Names and Numbers (ICANN) requires that these individuals, businesses or organizations provide up-to-date personal contact information to their domain registrars. This information, which may include the name, address, email, phone number and associated IP addresses, is collected and displayed in the ICANN WHOIS Database, which acts similarly to an international address book for the public.

### ⌄ How can I protect my privacy?

Our team is committed to your safety and protection. Although ICANN requires us to provide private information for their public WHOIS database, our Domain Privacy + Protection (/domains/whoisprivacy) service masks your private contact details by displaying our information instead of yours.

### ⌄ How can I use the WHOIS lookup tool?

Viewing the WHOIS information for any domain name is as simple as typing the domain name in question into the search bar above. Our tool will allow you to search the WHOIS for most top level domains in order to learn the registrant information as well as the nameservers and associated IP addresses.

### ⌄ How do I update my WHOIS information?

Your WHOIS information is managed within your Domain Dashboard. For complete instructions on updating your WHOIS info, please see this helpful Knowledge Base article (/help/article/domain-management-how-to-update-domain-contact-information).

### ⌄ Can I look up .org, .info, .biz, .us, or .tel domains?

Due to a variety of reasons, our WHOIS tool cannot query certain top level domains.
- For .ORG domain name WHOIS information, please visit: https://thenew.org/get/find-my-org/whois/ (https://thenew.org/get/find-my-org/whois/)
- For .INFO domain name WHOIS information, please visit: http://www.afilias.info/whois_search/ (http://www.afilias.info/whois_search/)
- For .BIZ domain name WHOIS information, please visit: http://www.whois.biz (http://www.whois.biz)
- For .US domain name WHOIS information, please visit: http://www.whois.us (http://www.whois.us)
- For .TEL domain name WHOIS information, please visit: https://whois.nic.tel/ (https://whois.nic.tel/)

## It all starts with a great domain.

Search for your next idea                                                                                🔍

### ⌄ SUPPORT

Knowledge Base (/help)

Video Tutorials (/help/article/help-videos)

Blog (/blog/)

Live Chat (#)

### ⌄ COMPANY

About Us (/about)

Affiliate Program (/affiliate/gettingstarted)

Contact Us (/support/contact)

---

> **PRIVACY & TERMS**

Terms of Service (/legal)

Registration Agreement (/legal/legal_domain)

Privacy Notice (https://endurance.clarip.com/privacycenter/?brand=domain)

Site Map (/about/sitemap)

---

**Login → (https://www1.domain.com/secure/login.bml)**

**Do Not Sell My Personal Information → (https://endurance.clarip.com/dsr/create?brand=domain&type=3)**

vitter.com/domaindotcom)       (https://www.instagram.com/domaindotcom/)       (https://www.pinterest.com/domaindotcom/)       (https://www.youtube.com/channel/UCn7-1xgGV6AfaqcSBLYdGyw)

© Copyright 2021 Domain.com, LLC. All rights reserved.

# EXHIBIT H

09/01/2021 http://nubank.net/?_nozc_=1

