IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| NU PAGAMENTOS S.A. - INSTITUICAO DE PAGAMENTO<br><br>v.<br><br>GEORGE DANIEL HUDSON JR. | Case No. 2:21-cv-00069-RWS |

## DEFENDANT'S REPLY IN SUPPORT OF THE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to LR 56, Defendant hereby submits his Reply in Support of his proposed Statement of Undisputed Material Facts. *See* Dkt. #100-1. Because many of Plaintiff's responses to Defendant's proposed facts are not "concise" Defendant has highlighted his replies in **blue text** for greater readability of this very long document.

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 1**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| Dan Hudson has used the mark "Nubank" in commerce since approximately 1979. | Deposition Transcript of Dan Hudson ("Hudson Depo") attached as Exhibit 1 at 52:4-13. |

**Plaintiff Objects to Admissibility of This Fact:** to the extent "used . . . in commerce" calls for a legal conclusion [FRE703].

**Plaintiff Challenges This Fact:** as being unsupported by Defendant's citation and as being directly refuted by the evidence on the record. *See* Ex. C, Hudson Depo. Tr. at 54:20-57:24 and 301:20-25 (admitted to using Bankmark to identify the services he offered and provided in helping form a new bank)*; Ex. B, Def.'s Second Am. Resp. to RFA Nos. 77, 80, 84-91 (admitting that he "generally used the term 'Bankmark'"); Ex. G, Record of Bankmark d/b/a Filing in Orange County, California (listing Hudson and his address at 215 E Orangethorpe Ave, Fullerton, CA); Ex. H, Arizona Tax Lien (against Bankmark, listing its address at 5015 Addison Cir. #511, Addison TX); Ex. I, California State Tax Lien (against Bankmark listing the same address in Addison, TX); *see also* Ex. M, HUDSON28205, Bankmark Invoice dated September 19th, 2007 (one example out of 783 invoices produced by Hudson, each one with the same instruction to: "**Make Payable to: 'Dan Hudson or Bankmark' -** *MUST USE EXACT PHRASE*!") (emphasis in original); *see also* Ex. N, Zhai Decl. at ¶ 2 (listing bates numbers of all Bankmark Invoices produced that include the same instructions); Ex. C, Hudson Depo. Tr. at 298:9-19, Depo. Ex. Nos. 19-22 (examples of contracts that Hudson confirmed he entered into as "Bankmark"); Ex. E, Conti Decl. at ¶ 4 ("If we entered

into contracts, they were in the name of Bankmark, not Nubank."). Among thousands of internal documents such as corporate/HR policies, budgets, and employment agreements, as well as marketing materials and correspondence (both internally and to clients) using and referring to Hudson's business as "Bankmark," *see, e.g.,* Ex. O, HUDSON07644 (Bankmark Marketing Paper); Ex. P, HUDSON39943 (Bankmark Employee Emails); Ex. Q, HUDSON16932 (Bankmark Services Description), Ex. R, HUDSON47437, (Bankmark Letter) and [SUF#18], Ex. S, HUDSON020645 (Bankmark Training Manual and Policies); Ex. T, HUDSON021544 (Bankmark Account Ledger); Ex. U, HUDSON015361 (Bankmark Payroll).

**Defendant's Reply**: The Plaintiff's response is not "concise."[1] *See* LR 56.1(B)(2)(a)(1). The Plaintiff's evidence does not support the Plaintiff's response because Plaintiff offers no evidence that the deposition testimony is not admissible. *See* LR 56.1(B)(3)(b). Moreover, Ms. Conti was not timely identified or disclosed as a fact witness, at any time, by either party. Defendant also broadly objects to the inclusion of numerous citations that are completely irrelevant to the proposed fact. Defendant incorporates by reference each and every objection in Hudson's Statement of Genuine Disputes. *See* Dkt. #127-1.

\* \* \*

---

[1] A high percentage of the Plaintiff's responses are not remotely "concise." In this case, Defendant offered a proposed fact of twelve words, and Plaintiff responded with a 300-word response. Moreover, most of Plaintiff's responses are near carbon-copy form responses from portions of their other filings that do little to address the actual fact in question.

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 2**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| Hudson has used the Nubank name continuously, unabated since 1978. | Hudson Depo at 72:22-24. |

<u>**Plaintiff Objects to Admissibility of This Fact:**</u> to the extent "used . . . continuously" calls for a legal conclusion [FRE703].

<u>**Plaintiff Challenges This Fact:**</u> as being unsupported by Defendant's citation and as being directly refuted by the evidence on the record. *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients); 192:13-15 (2008 was the last time Hudson spent money on advertising his services under Nubank); *see also* Ex. E, Conti Decl. at ¶¶ 8-9 (corroborating Hudson's testimony that "in approximately 2010-2011 . . . Hudson closed his offices."); *accord* Ex. AB, Frank Report at 21-23, Rpt. Ex. C and Rpt. Ex. D (finding, *inter alia*, no mentions whatsoever in the media of Hudson and Nubank for nine (9) consecutive years between 2010 and 2019).

<u>**Defendant's Reply**</u>: The Plaintiff's response is not "concise." *See* LR 56.1(B)(2)(a)(1). The Plaintiff's evidence does not support the Plaintiff's response because Plaintiff offers no evidence that the deposition testimony is not

admissible. *See* LR 56.1(B)(3)(b). Defendant also broadly objects to the inclusion of numerous citations that are completely irrelevant to the proposed fact. Defendant incorporates by reference each and every objection in Hudson's Statement of Genuine Disputes. *See* Dkt. #127-1.

\* \* \*

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 3

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| Hudson is currently under contract to help a client find a bank to acquire. | Hudson Depo at 72:22- 74:21 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because—even taking Hudson's bare testimony as fact, which Plaintiff does not concede— that fact has no bearing on whether Hudson used "Nubank" continuously in commerce at least from 2008-2019, nor does it have any bearing on Hudson's intent to resume use after abandonment, which *must be formulated during the three-year period of nonuse, not afterward*. *See, e.g., ITC Ltd. v. Punchgini, Inc.*, 482 F.3d 135, 149 (2d Cir. 2007) ("An intent to resumeuse of the mark formulated after more than three years of nonuse cannot be invoked to dislodge the rights of another party who has commenced use of a mark—thereby acquiring priority rights in that mark—after three years of nonuse."); *see also Nat. Answers, Inc. v. SmithKline Beecham Corp.*, 529 F.3d 1325, 1329-30 (11th Cir. 2008) ("If all a party had to do to avoid a finding of abandonment was to aver that it never intended to abandon the trademark, then *no trademark would ever be abandoned*, no matter how long it's use had been withdrawn from the market.").

**Defendant's Reply**: The Plaintiff's response is not "concise." *See* LR

56.1(B)(2)(a)(1). The Plaintiff's evidence does not support the Plaintiff's fact because Plaintiff offers no evidence that the deposition testimony is not admissible. *See* LR 56.1(B)(3)(b). Moreover, the legal argument provided by Plaintiff does not address Defendant's fact, in any respect.

* * *

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 4**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| Hudson uses Nubank as the name of his company. | Hudson Depo at 57:17-24; 294:16-18. |

**Plaintiff Objects to This Fact:** to the extent "used . . . in commerce" calls for a legal conclusion [FRE703].

**Plaintiff Challenges This Fact:** as being unsupported by Defendant's citation and as being directly refuted by the evidence on the record. *See* Ex. C, Hudson Depo. Tr. at 54:20-57:24 and 301:20-25 (admitted to using Bankmark to identify the services he offered and provided in helping form a new bank)*;* Ex. B, Def.'s Second Am. Resp. to RFA Nos. 77, 80, 84-91 (admitting that he "generally used the term 'Bankmark'"); Ex. G, Record of Bankmark d/b/a Filing in Orange County, California (listing Hudson and his address at 215 E Orangethorpe Ave, Fullerton, CA); Ex. H, Arizona Tax Lien (against Bankmark, listing its address at 5015 Addison Cir. #511, Addison TX); Ex. I, California State Tax Lien (against Bankmark listing the same address in Addison, TX); *see also* Ex. M, HUDSON28205, Bankmark Invoice dated September 19th, 2007 (one example out of 783 invoices produced by Hudson, each one with the same instruction to: "**Make Payable to: 'Dan Hudson or Bankmark' -** *MUST USE EXACT PHRASE*!")

(emphasis in original); *see also* Ex. N, Zhai Decl. at ¶ 2 (listing bates numbers of all Bankmark Invoices produced that include the same instructions); Ex. C, Hudson Depo. Tr. at 298:9-19, Depo. Ex. Nos. 19-22 (examples of contracts that Hudson confirmed he entered into as "Bankmark"); Ex. E, Conti Decl. at ¶ 4 ("If we entered into contracts, they were in the name of Bankmark, not Nubank."). Among thousands of internal documents such as corporate/HR policies, budgets, and employment agreements, as well as marketing materials and correspondence (both internally and to clients) using and referring to Hudson's business as "Bankmark," *see, e.g.,* Ex. O, HUDSON07644 (Bankmark Marketing Paper); Ex. P, HUDSON39943 (Bankmark Employee Emails); Ex. Q, HUDSON16932 (Bankmark Services Description), Ex. R, HUDSON47437, (Bankmark Letter) and [SUF#18], Ex. S, HUDSON020645 (Bankmark Training Manual and Policies); Ex. T, HUDSON021544 (Bankmark Account Ledger); Ex. U, HUDSON015361 (Bankmark Payroll).

**Defendant's Reply**: The Plaintiff's response is not "concise." *See* LR 56.1(B)(2)(a)(1). The Plaintiff's evidence does not support the Plaintiff's response because Plaintiff offers no evidence that the deposition testimony is not admissible. *See* LR 56.1(B)(3)(b). Moreover, Ms. Conti was not timely identified or disclosed as a fact witness, at any time, by either party. Defendant also broadly objects to the inclusion of numerous citations that are completely irrelevant to the proposed fact. Defendant incorporates by reference each and every objection in Hudson's Statement of Genuine Disputes. *See* Dkt. #127-1.

\* \* \*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 5**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| Hudson's clients and customers know his business as Nubank. | Hudson Depo at 54:17-19. |

**Plaintiff Challenges This Fact:** as being directly refuted by the evidence on the record. *See, e.g.,* Ex. V, NUBANK27198, Wagner Decl. at ¶¶ 13-14 (former client attesting that "to [his] recollection, Hudson never used the name 'NUBANK' in connection with the services provided."); Ex. W, NUBANK0027148, Knight Decl. at ¶¶ 5-6 (attesting the same); and Ex. X, NUBANK27129, Bradley Decl. at ¶¶ 7-9 (attesting the same); Ex. Y, NUBANK27195, Kerestes Decl. at ¶¶ 11-1(attesting the same); *see also* Ex. E, Conti Decl. at ¶ 4 (also attesting that "If we entered into contracts, they were in the name of Bankmark, not Nubank."); Ex. A, Def.'s Second Am. Resp. to ROG Nos. 2-5 (identifying only sales invoices on Bankmark letterhead with instructions to make payments out to "Dan Hudson or Bankmark."); Ex. N, Zhai Decl. at ¶ 2 (listing bates numbers of all Bankmark Invoices produced, including the ones identified in Defendant's Second Amended Interrogatory Responses).

**Defendant's Reply**: The Plaintiff's response is not "concise." *See* LR 56.1(B)(2)(a)(1). The Plaintiff's evidence does not support the Plaintiff's response because Plaintiff offers no evidence that the deposition testimony is not admissible. *See* LR 56.1(B)(3)(b). None of these witnesses were timely identified or disclosed as a fact witness, at any time, by either party. Given this fact, none of these witnesses was ever deposed by Defendant and would not be a witness at trial. *See* Fed. R. Civ. P. 26 *see also Sabal Trail Transmission, LLC v. Lasseter*, 823 F. App'x 914, 919 (11th Cir. 2020). Defendant incorporates by reference each

and every objection in Hudson's Statement of Genuine Disputes. *See* Dkt. #127-1.

* * *

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 6

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| Hudson came up with the name "Nubank" in conjunction with his consulting in the late 1970s. He wanted a name that would describe his consulting services and would fit on a license plate, hence "Nubank." | Hudson Depo at 53:4-54:11. |

Plaintiff does not dispute this fact solely for purposes of summary judgement.

* * *

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 7

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| Hudson has other domain names and divisions or supporting entity names including "BankMark" and "Start-a-Bank" which were under the umbrella of the Nubank brand and were used to capture the attention of persons looking for consulting services for banks. | Hudson Depo at 54:20-57:24; 301:20-25. |

**Plaintiff Challenges This Fact:** as being directly refuted by the evidence on the record to the extent it claims any names were actually used under the "umbrella of the Nubank brand." *See* Ex. C, Hudson Depo. Tr. at 54:20-57:24 and 301:20-25 (admitted to using Bankmark to identify the services he offered and provided in helping form a new bank)*;* Ex. B, Def.'s Second Am. Resp. to RFA Nos. 77, 80, 84-91 (admitting that he "generally used the term 'Bankmark'"); Ex. G, Record of Bankmark d/b/a Filing in Orange County, California (listing Hudson and his address at 215 E Orangethorpe Ave, Fullerton, CA); Ex. H, Arizona Tax

Lien (against Bankmark, listing its address at 5015 Addison Cir. #511, Addison TX); Ex. I, California State Tax Lien (against Bankmark listing the same address in Addison, TX); *see also* Ex. M, HUDSON28205, Bankmark Invoice dated September 19th, 2007 (one example out of 783 invoices produced by Hudson, each one with the same instruction to: "**Make Payable to: 'Dan Hudson or Bankmark' - *MUST USE EXACT PHRASE*!**") (emphasis in original); *see also* Ex. N, Zhai Decl. at ¶ 2 (listing bates numbers of all Bankmark Invoices produced that include the same instructions); Ex. C, Hudson Depo. Tr. at 298:9-19, Depo. Ex. Nos. 19-22 (examples of contracts that Hudson confirmed he entered into as "Bankmark"); Ex. E, Conti Decl. at ¶ 4 ("If we entered into contracts, they were in the name of Bankmark, not Nubank."). Among thousands of internal documents such as corporate/HR policies, budgets, and employment agreements, as well as marketing materials and correspondence (both internally and to clients) using and referring to Hudson's business as "Bankmark," *see, e.g.,* Ex. O, HUDSON07644 (Bankmark Marketing Paper); Ex. P, HUDSON39943 (Bankmark Employee Emails); Ex. Q, HUDSON16932 (Bankmark Services Description), Ex. R, HUDSON47437, (Bankmark Letter) and [SUF#18], Ex. S, HUDSON020645 (Bankmark Training Manual and Policies); Ex. T, HUDSON021544 (Bankmark Account Ledger); Ex. U, HUDSON015361 (Bankmark Payroll).

**Defendant's Reply**: The Plaintiff's response is not "concise."[2] *See* LR 56.1(B)(2)(a)(1). The Plaintiff's evidence does not support the Plaintiff's reponse

---

[2] A high percentage of the Plaintiff's responses are not remotely "concise." In this case, Defendant offered a proposed fact of twelve words, and Plaintiff responded with a 300-word response. Moreover, most of Plaintiff's responses are carbon-copy form responses that do little to address the actual fact in question.

because Plaintiff offers no evidence that the deposition testimony is not admissible. *See* LR 56.1(B)(3)(b). Defendant also broadly objects to the inclusion of numerous citations that are completely irrelevant to the proposed fact. Defendant incorporates by reference each and every objection in Hudson's Statement of Genuine Disputes. *See* Dkt. #127-1.

* * *

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 8

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| Hudson analogized the relationship between his various names as Nubank is like Campbell's soup and the other company names are like the types of soup, tomato soup or mushroom soup or Coca Cola which is the universal brand for many different beverages. | Hudson Depo at 56:19-57:16; 304:24-305:10. |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because Hudson's personal opinions does not affect whether Hudson's purported use of "Nubank" was "sufficiently public to identify or distinguish the marked goods" and because the use of various other names does not evidence actual use of "Nubank" by itself. *See, e.g., Nexsan Techs., Inc. v. EMC Corp.*, 260 F. Supp. 3d 68, 77 (D. Mass. 2017) (use of more than one mark made it unclear "which mark to attach to the [service]."); Order Granting Defendant's Motion for Attorney Fees and Sanctions in *The Most Worship National Grand Lodge v. United Grand Lodge GA AF & AYM, Inc. et al.,* 1:17-cv-02582, ECF No. 72, (N.D. Ga Oct. 15, 2019) (sanctioning the plaintiff for claiming common law rights when it failed to "produce any evidence regarding its use of the ***isolated phrase.***") (emphasis added).

**Plaintiff Challenges This Fact:** as being unsupported by the citation to evidence [LR 56.1(B)(2)(a)(2)(iii)] to the extent Nubank was actually used and served as the "universal brand for many different [names]" used by Hudson.

**Defendant's Reply**: The Plaintiff's response is not "concise." See LR 56.1(B)(2)(a)(1). The Plaintiff's evidence does not support the Plaintiff's fact because Plaintiff offers no evidence that the deposition testimony is not admissible. *See* LR 56.1(B)(3)(b). Moreover, the legal argument provided by Plaintiff does not address Defendant's fact, in any respect.

\* \* \*

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 9

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| Hudson's business has been engaged in the business of assisting individuals seeking to acquire or start small community banks and offering consulting services for small banks that have issues with state and federal bank regulators. | Hudson Depo at 34:24-35:11. |

Plaintiff does not dispute this fact solely for purposes of summary judgement.

\*\*\*\*

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 10

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| Dan Hudson began his banking consulting business under the tradename Nubank beginning in 1978 when he was consulting for Bay Bank of Commerce in San Leandor, California. | Hudson Depo at 20:5-9 |

**Plaintiff Challenges This Fact:** as being unsupported Defendant's citation

[LR 56.1(B)(2)(a)(2)(iii)] to the extent Hudson began using "the tradename Nubank . . . in 1978" because this portion of the statement is not present in the deposition testimony at 20:5-9.

**Defendant's Reply**: Plaintiff offers no evidence that the cited deposition testimony is not admissible. Defendant agrees that the deposition speaks for itself.

\* \* \*

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 11

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| Hudson has personally played a role in opening or consulting on at least 146 small and community banks since 1979. | Hudson Depo at 52:4-13. |

Plaintiff does not dispute this fact solely for purposes of summary judgement.

\*\*\*

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 12

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| In the "heyday" of his business Hudson's business charged up to $350,000 per bank transaction. | Hudson Depo at 194:3-22. |

Plaintiff does not dispute this fact solely for purposes of summary judgement.

\*\*\*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 13**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| Documents produced to Plaintiff in this matter demonstrate that Mr. Hudson's business earned substantial revenues during the heights of Mr. Hudson's business. | *See* Exhibit 10, Exhibit 11 (filed under seal) |

Plaintiff does not dispute this fact solely for purposes of summary judgement.

\*\*\*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 14**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| Some of Hudson's fees were also of public record, because his banking clients disclosed them in public filings with government agencies. | *See generally* Hudson Depo at 304-308, Depo Exhibits 19-20. |

Plaintiff does not dispute this fact solely for purposes of summary judgement.

\*\*\*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 15**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| Hudson registered the domain name nubank.com for the first time on April 23, 1997. Hudson was personally listed as the registered owner when he registered the domain. | Hudson Depo 105:16-106:16; Dkt. #23-2 |

**Plaintiff Objects to This Fact:** to the extent supported by a citation to a pleading [LR 56.1(b)(1)(b)].

**Defendant's Reply**: The deposition testimony establishes the fact, regardless of the other citation.

* * *

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 16**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| Hudson has maintained ownership of the domain name since 1997. | *See e.g.* Hudson 000593; Hudson 000614 |

**Plaintiff Challenges This Fact:** as being unsupported by Defendant's citation [LR 56.1(B)(2)(a)(2)(iii)] because the bates numbers cited by Defendant were not included among the Exhibits attached to Defendant's Motion to Summary Judgment.

**Defendant's Reply**: The Bates numbers appear to have been cut off on a few of the electronically filed documents. Hudson 593 is of record at Dkt. #100-9 at 13-14. Hudson 614 is of record at Dkt. #100-9 at 17-18.

* * *

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 17**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| From 1997 through 2021, Hudson's Nubank.com website was regularly available in interstate commerce on the internet. | Dkt. #23-3 to #23-25 |

**Plaintiff Objects to This Fact:** to the extent "in interstate commerce" calls for a legal conclusion [FRE703].

**Plaintiff Challenges This Fact:** as only being supported by a citation to a pleading [LR 56.1(b)(1)(b)] and further disputes this fact as being directly refuted by the evidence on the record. *See* Ex. AF, Wayback Machine (22) Archived Copies of nubank.com saved at various points between May 25, 2019 and May 7, 2021 (showing no website or any content existed at all at nubank.com except for

either an error message that the "Page cannot be displayed" or a "under construction" sign); Ex. AG, NUBANK06567, Wayback Machine Comparison of Archived Copies of nubank.com saved on February 16, 2020 and December 5, 2020; *see also* Hudson Depo Tr. at 291:21-25 ("A. It didn't go off until recently. Q. Okay. And then, when it went off recently, it was just off for a little while? A. I think there's a parked page.").

**Defendant's Reply**: The identical documents were produced in discovery as Hudson 101-427. Moreover, Plaintiff's *own* Expert submitted a nearly identical exhibit that is of record. *See* Dkt. #127-1 at ¶ 40; *see also* Dkt. #104, Plaintiff's Exhibit AF.

\* \* \*

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 18

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| Hudson advertised his services continuously on nubank.com from 1997 through the present. | Hudson Depo at 111:7-112:7; 293:22-294:7. |

**Plaintiff Challenges This Fact:** as being directly refuted by the evidence on the record. *See, e.g.,* Ex. AF, Wayback Machine (22) Archived Copies of nubank.com saved at various points between May 25, 2019 and May 7, 2021 (showing no website or any content existed at all at nubank.com except for either an error message that the "Page cannot be displayed" or a "under construction" sign); Ex. AG, NUBANK06567, Wayback Machine Comparison of Archived Copies of nubank.com saved on February 16, 2020 and December 5, 2020; *see also* Hudson Depo Tr. at 291:21-25 ("A. It didn't go off until recently. Q. Okay. And

then, when it went off recently, it was just off for a little while? A. I think there's a parked page."); *see also* Ex. E, Conti Decl. at ¶ 11 (Hudson did "not actively use the website to market or advertise any services, nor was [anyone] actively monitoring the website.").

**Defendant's Reply**: The Plaintiff's evidence does not support the Plaintiff's response because Plaintiff offers no evidence that the deposition testimony is not admissible. *See* LR 56.1(B)(3)(b). Moreover, Ms. Conti was not timely identified or disclosed as a fact witness, at any time, by either party. Defendant incorporates by reference objections noted in in Hudson's Statement of Genuine Disputes. *See* Dkt. #127-1 at ¶ 45, 46, 47.

* * *

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 19

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| Nubank.com has been available continuously on the internet during Hudson' ownership of the domain. | Hudson Depo at 122:17-24. |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because even assuming that "Nubank.com has been available continuously"—it has not been—merely being available has no bearing on actual use of the NUBANK Mark as a matter of law.

**Plaintiff Challenges This Fact:** as being directly refuted by the evidence on the record. *See, e.g.,* Ex. AF, Wayback Machine (22) Archived Copies of nubank.com saved at various points between May 25, 2019 and May 7, 2021 (showing no website or any content existed at all at nubank.com except for either an error message that the "Page cannot be displayed" or a "under construction"

sign); Ex. AG, NUBANK06567, Wayback Machine Comparison of Archived Copies of nubank.com saved on February 16, 2020 and December 5, 2020; *see also* Hudson Depo Tr. at 291:21-25 ("A. It didn't go off until recently. Q. Okay. And then, when it went off recently, it was just off for a little while? A. I think there's a parked page.")*.*

**Defendant's Reply**: The Plaintiff's evidence does not support the Plaintiff's response because Plaintiff offers no evidence that the deposition testimony is not admissible. *See* LR 56.1(B)(3)(b). Defendant incorporates by reference objections noted in in Hudson's Statement of Genuine Disputes. *See* Dkt. #127-1 at ¶ 45, 46, 47.

\* \* \*

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 20

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| Hudson has used the dan@nubank.com and nubankguru@yahoo.com email addresses for his business regularly since 1997. | Hudson Depo at 293:25-294:3. |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because even if Hudson has used the "dan@nubank.com and nubankguru@yahoo.com email addresses," mere use of the email addresses has no bearing on showing actual use of the NUBANK Mark.

\* \* \*

**Plaintiff Challenges This Fact:** as being unsupported by Defendant's citation [LR 56.1(B)(2)(a)(2)(iii)] because Hudson did not testify that these email addresses were used "for his business" or that he used the email addresses for any purpose "regularly since 1997".

**Defendant's Reply**: Plaintiff misrepresents this portion of the record. *See* Hudson Depo at 293:16-18. ("16 Q. So well, I appreciate that, sir, but why do you use the name Nubank in your e-mail address? A. Because that's my business name.") Moreover, the Plaintiff's evidence does not support the Plaintiff's response because Plaintiff offers no evidence that the deposition testimony is not admissible. *See* LR 56.1(B)(3)(b).

\* \* \*

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 21

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| Hudson has consistently maintained that he wants to keep the domain name, nubank.com, because it is how people know him and he does not want to reinvent himself at his age. | Hudson Depo at 142:4-24; 144:3-11. |

Plaintiff does not dispute this fact solely for purposes of summary judgement.

\*\*\*


## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 22

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| Hudson has consistently refused to sell the nubank.com domain name, sometimes quoting prices that he thought people were unwilling to pay in order to make them go away. | Hudson Depo at 157:7-15; 158:21-159:14 |

Plaintiff does not dispute this fact solely for purposes of summary judgement.

\* \* \*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 23**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| In 1998-1999 Hudson assisted Timothy Hyzdu's father with setting up Service First Bank in Stockton, California. | Deposition Transcript of Timothy Hyzdu ("Hyzdu Depo"), attached as Exhibit #4, at 14:15-15:6. |

Plaintiff does not dispute this fact solely for purposes of summary judgement.

\*\*\*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 24**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| Hudson, under the umbrella of NuBank and BankMark was actively consulting for T-Bank, a startup bank in Texas, between 2002 and 2004, marketing the bank and assisting with fundraising. | Deposition of Patrick Adams ("Adams Depo") attached as Exhibit #5, at 13:7-14; 20:16-22; 24:18-25:11; 32:13-33:4. |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the use of multiple names cannot establish trademark rights in "Nubank" by itself. *See, e.g., Nexsan Techs., Inc. v. EMC Corp.*, 260 F. Supp. 3d 68, 77 (D. Mass. 2017) (use of more than one mark made it unclear "which mark to attach to the [service].")*; The Most Worship National Grand Lodge v. United Grand Lodge GA AF & AYM, Inc. et al.*, 1:17-cv-02582, Order Granting Defendant's Motion for Attorney Fees and Sanctions, ECF No. 72 (N.D. Ga Oct. 15, 2019) (sanctioning the plaintiff for claiming common law rights when it failed to "produce any evidence regarding its use of the isolated phrase.") (emphasis added).

**Defendant's Reply**: Plaintiff offers no evidence that the deposition

testimony is not admissible. *See* LR 56.1(B)(3)(b). The testimony plainly relates to questions at issue in the case.

\* \* \*

**Plaintiff Challenges This Fact:** as being unsupported by Defendant's citation [LR 56.1(B)(2)(a)(2)(iii)] because using both "Nubank" and "Bankmark" cannot establish trademark rights in the NUBANK Mark by itself.

**Defendant's Reply**: The Plaintiff's evidence does not support the Plaintiff's response because Plaintiff offers no evidence that the deposition testimony is not admissible. *See* LR 56.1(B)(3)(b).

\* \* \*

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 25

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| Hudson was paid a fee for his work with T-Bank. | Adams Depo at 20:19-22. |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because Adams testified that Hudson received payments for his services under a number of names other than "Nubank" and the use of multiple names cannot establish trademark rights in the NUBANK Mark by itself. *See, e.g., Nexsan Techs., Inc. v. EMC Corp.*, 260 F. Supp. 3d 68, 77 (D. Mass. 2017) (use of more than one mark made it unclear "which mark to attach to the [service]."); *The Most Worship National Grand Lodge v. United Grand Lodge GA AF & AYM, Inc. et al.*, 1:17-cv-02582, Order Granting Defendant's Motion for Attorney Fees and Sanctions, ECF No. 72 (N.D. Ga Oct. 15, 2019) (sanctioning the plaintiff for claiming common law rights when it failed to "produce any evidence regarding its

use of the isolated phrase.") (emphasis added).

**Defendant's Reply**: Plaintiff offers no evidence that the deposition testimony is not admissible. *See* LR 56.1(B)(3)(b). The testimony plainly relates to questions at issue in the case.

\* \* \*

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 26

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| From 2003-2009, Tim Hyzdu was employed as an independent contractor operating under the Nubank Group tradename as a consultant. Hyzdu supervised a team of 48 people in 10 locations nationwide during his time at Nubank. | Hyzdu Depo at 13:22-14:8; 114:21-22; 63:21-64:7 and Depo Exhibit 3 thereto. |

**Plaintiff Objects to This Fact:** as being incomplete and out of context [FRE106] because Hyzdu testified that he had been employed by Hudson as an independent contractor operating under the names Bankmark and Nubank (Hyzdu Depo. Tr. at 32:10-22), and the use of other names instead of "Nubank" by itself is irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] to establishing trademark rights in NUBANK. *See, e.g., Nexsan Techs., Inc. v. EMC Corp.*, 260 F. Supp. 3d 68, 77 (D. Mass. 2017) (use of more than one mark made it unclear "which mark to attach to the [service]."); *The Most Worship National Grand Lodge v. United Grand Lodge GA AF & AYM, Inc. et al.*, 1:17-cv-02582, Order Granting Defendant's Motion for Attorney Fees and Sanctions, ECF No. 72 (N.D. Ga Oct. 15, 2019) (sanctioning the plaintiff for claiming common law rights when it failed to "produce any evidence regarding its use of the isolated phrase.") (emphasis added).

**Defendant's Reply**: Plaintiff offers no evidence that the deposition testimony is not admissible. *See* LR 56.1(B)(3)(b). The testimony plainly relates to questions at issue in the case.

\* \* \*

**Plaintiff Challenges This Fact:** as being unsupported by Defendant's citation [LR 56.1(B)(2)(a)(2)(iii)] because Hyzdu only testified to working with 12 project managers without any references to "a team of 48 people in 10 locations nationwide."

**Defendant's Reply**: Plaintiff misrepresents the record. *See* Hyzdu Depo at 64:2-7 ("You state you "directly managed as many as 12 direct reports across 10 locations" and were "responsible for as many as 48 overall team members in a solid line roll-up relationship." Do you see that? A Yep.") Plaintiff offers no evidence that the deposition testimony is not admissible. *See* LR 56.1(B)(3)(b).

\* \* \*

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 27

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| Nubank acquired customers through advertising on its website, through workshops, and referrals. | Hyzdu Depo at 20:22-21:9 |

**Plaintiff Objects to This Fact:** as being incomplete and out of context [FRE106] because Hyzdu testified that he had been employed by Hudson as an independent contractor operating under the names Bankmark or Nubank such that any customers were acquired by Bankmark, not Nubank, and the use of multiple names instead of "Nubank" by itself is irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] to establishing trademark rights in NUBANK. *See, e.g.,*

*Nexsan Techs., Inc. v. EMC Corp*., 260 F. Supp. 3d 68, 77 (D. Mass. 2017) (use of more than one mark made it unclear "which mark to attach to the [service]."); *The Most Worship National Grand Lodge v. United Grand Lodge GA AF & AYM, Inc. et al*., 1:17-cv-02582, Order Granting Defendant's Motion for Attorney Fees and Sanctions, ECF No. 72 (N.D. Ga Oct. 15, 2019) (sanctioning the plaintiff for claiming common law rights when it failed to "produce any evidence regarding its ***use of the isolated phrase.")*** (emphasis added).

**Defendant's Reply**: Plaintiff offers no evidence that the deposition testimony is not admissible. *See* LR 56.1(B)(3)(b).

\* \* \*

**Plaintiff Challenges This Fact:** as being unsupported by Defendant's citation [LR 56.1(B)(2)(a)(2)(iii)] because Hyzdu only testified to working one other independent contractor and only for a short period of time.

**Defendant's Reply**: Plaintiff misrepresents the record. *See* Hyzdu Depo at 21:5-8 ("So the workshops that Dan led were part of client acquisition, you know, referrals, website was, you know, the websites were big for acquiring clients.")

\* \* \*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 28**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| Hudson/Nubank routinely had a team of independent contractors working for him under the Nubank tradename. | Hyzdu Depo at 31:20-32:3. |

**Plaintiff Objects to This Fact:** as being incomplete and out of context [FRE106] because Hyzdu testified that he had been employed by Hudson as an

independent contractor operating under the names Bankmark or Nubank, and the use of other names instead of "Nubank" by itself is irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] to establishing trademark rights in NUBANK. *See, e.g., Nexsan Techs., Inc. v. EMC Corp.*, 260 F. Supp. 3d 68, 77 (D. Mass. 2017) (use of more than one mark made it unclear "which mark to attach to the [service]."); *The Most Worship National Grand Lodge v. United Grand Lodge GA AF & AYM, Inc. et al.*, 1:17-cv-02582, Order Granting Defendant's Motion for Attorney Fees and Sanctions, ECF No. 72 (N.D. Ga Oct. 15, 2019) (sanctioning the plaintiff for claiming common law rights when it failed to "produce any evidence regarding its *use of the isolated phrase*.") (emphasis added).

**Defendant's Reply**: Plaintiff offers no evidence that the deposition testimony is not admissible. *See* LR 56.1(B)(3)(b).

\* \* \*

**Plaintiff Challenges This Fact:** as being unsupported by Defendant's citation [LR 56.1(B)(2)(a)(2)(iii)] because Hyzdu only testified to working one other independent contractor and only for a short period of time.

**Defendant's Reply**: Plaintiff misrepresents the record. *See* Hyzdu Depo at 21:5-8 ("So the workshops that Dan led were part of client acquisition, you know, referrals, website was, you know, the websites were big for acquiring clients.")

\* \* \*

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 29

| Defendant's Fact | Evidence Cited by Defendant |
| --- | --- |

| | |
|---|---|
| From 2003 through 2009, Hudson and his Nubank team consulted for banks in California, New York, Texas, Pennsylvania, Oklahoma, Wisconsin, Illinois, Kentucky, Michigan, Utah, Montana, and Colorado. | Hyzdu Depo at 42:2-61:1. |

**Plaintiff Objects to This Fact:** as being incomplete and out of context [FRE106] because Hyzdu testified that he had been employed by Hudson as an independent contractor operating under the names Bankmark or Nubank *(see* Hyzdu Depo. Tr. at 32:10-22), and the use of other names instead of "Nubank" by itself is irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] to establishing trademark rights in NUBANK. Plaintiff further objects to this fact as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because it does not serve as evidence of actual use of "Nubank" by itself. *See, e.g., Nexsan Techs., Inc. v. EMC Corp.*, 260 F. Supp. 3d 68, 77 (D. Mass. 2017) (use of more than one mark made it unclear "which mark to attach to the [service]."); *The Most Worship National Grand Lodge v. United Grand Lodge GA AF & AYM, Inc. et al.*, 1:17-cv-02582, Order Granting Defendant's Motion for Attorney Fees and Sanctions, ECF No. 72 (N.D. Ga Oct. 15, 2019) (sanctioning the plaintiff for claiming common law rights when it failed to "produce any evidence regarding ***its use of the isolated phrase***.") (emphasis added).

**Defendant's Reply**: Plaintiff offers no evidence that the deposition testimony is not admissible. *See* LR 56.1(B)(3)(b).

\* \* \*

**Plaintiff Challenges This Fact:** as being unsupported by Defendant's citation [LR 56.1(B)(2)(a)(2)(iii)] because Hyzdu only testified that he had worked

on consulting projects for banks in certain states without any mention of Hudson rendering consulting services under the name "Nubank."

**Defendant's Reply**:   Plaintiff offers no evidence that the deposition testimony is not admissible. *See* LR 56.1(B)(3)(b). Testimony plainly relates to relevant issues in the case.

* * *

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 30**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| During the period from 2003-2009 Dan Hudson would run workshops in hotels nationwide, including in California, Texas, Chicago and New York, called "StartaBank" for bankers and entrepreneurs looking to start up small banks as a way to meet prospective clients. | Hyzdu Depo at 21:16-23:12. |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because holding seminars under the name "StartaBank" does not show actual use of "Nubank" by itself and has no bearing on establishing trademark rights in NUBANK. *See, e.g., Nexsan Techs., Inc. v. EMC Corp.*, 260 F. Supp. 3d 68, 77 (D. Mass. 2017) (use of more than one mark made it unclear "which mark to attach to the [service]."); *The Most Worship National Grand Lodge v. United Grand Lodge GA AF & AYM, Inc. et al.*, 1:17-cv-02582, Order Granting Defendant's Motion for Attorney Fees and Sanctions, ECF No. 72 (N.D. Ga Oct. 15, 2019) (sanctioning the plaintiff for claiming common law rights when it failed to "produce any evidence regarding its *use of the isolated phrase*.") (emphasis added).

**Defendant's Reply**: Plaintiff offers no evidence that the deposition testimony is not admissible. *See* LR 56.1(B)(3)(b).

* * *

**Plaintiff Challenges This Fact:** as being unsupported by Defendant's citation [LR 56.1(B)(2)(a)(2)(iii)] because Hyzdu only testified to holding workshops in California, Texas, Chicago and New York.

**Defendant's Reply**: Plaintiff offers no evidence that the deposition testimony is not admissible. *See* LR 56.1(B)(3)(b). Moreover, the locations noted are reasonably described as "nationwide."

* * *

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 31

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| Hudson/Nubank marketed itself nationwide and continues to do so. | Hyzdu Depo at 63:14-18. |

**Plaintiff Challenges This Fact:** as being unsupported by Defendant's citation [LR 56.1(B)(2)(a)(2)(iii)] because the cited testimony does not mention Nubank or that Hudson "continues to do" any marketing. Moreover, to the extent that Defendant claims Hudson marketed any services under Nubank after 2008, this fact is directly refuted by the evidence on the record. *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years

ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients); 192:13-15 (2008 was the last time Hudson spent money on advertising his services under Nubank); *see also* Ex. E, Conti Decl. at ¶¶ 8-9 (corroborating Hudson's testimony that "in approximately 2010-2011 . . . Hudson closed his offices."); *accord* Ex. AB, Frank Report at 21-23, Rpt. Ex. C and Rpt. Ex. D (finding, *inter alia*, no mentions whatsoever in the media of Hudson and Nubank for nine (9) consecutive years between 2010 and 2019).

**Defendant's Reply**: Plaintiff offers no evidence that the deposition testimony is not admissible. *See* LR 56.1(B)(3)(b). Defendant concedes that Hyzdu did not specifically say "continues to do so" in his testimony, but Hyzdu plainly agreed that Nubank marketed nationally. *See* Hyzdu Depo at 63:14-18 "Q Thank you. When you worked for NuBank, did you market nationally? A Did NuBank market nationally? Q Yes. A Yes. Yes.")

* * *

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 32

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| Tim Hyzdu's Nubank business card reflected that he worked in Washington, D.C., New York, and Dallas, Texas and during the time he worked for Hudson, his email address was Tim@nubank.com. | Hyzdu Depo at 80:7-13 and Depo Exhibit 4 thereto. |

Plaintiff does not dispute this fact solely for purposes of summary judgement.

\*\*\*

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 33

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|

| | |
|---|---|
| Dan Hudson listed himself as "Dan Hudson (Pres/CEO at Nubank)" on his LinkedIn Profile. | Deposition Transcript of David Velez ("Velez Depo") attached as Exhibit 2. Depo Exhibit #18 |

Plaintiff does not dispute this fact solely for purposes of summary judgement.

\*\*\*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 34**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| Dan Hudson's LinkedIn Profile had a reach of approximately 17,500-20,000 persons and managed 10 groups that had numerous readers. | Hudson Depo at 175:2-7; Hudson Depo at 183:2-14. |

Plaintiff does not dispute this fact solely for purposes of summary judgement.

\*\*\*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 35**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| Third-party Sonia Blumberg estimated that Mr. Hudson had a "reach" of 80,000 people on LinkedIn, with more than 18,000 connections | Deposition Transcript of Sonia Blumberg attached as Exhibit #3 ("Blumberg Depo") at 21:5-25. |

Plaintiff does not dispute this fact solely for purposes of summary judgement.

\*\*\*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 36**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| From 2003 through 2020, Hudson has been interviewed in numerous prominent publications usually identifying himself as the CEO or owner of Nubank. | Hudson Depo at 277:4- 286:7 and Depo Ex. 14 thereto. |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the publications do not show or reference when

Hudson actually used "Nubank" in rendering services, and because Hudson's own statements given during interviews have no bearing on whether consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: Plaintiff offers no evidence that the deposition testimony is not admissible. *See* LR 56.1(B)(3)(b). The material is plainly relevant to the dispute.

* * *

**Plaintiff Challenges This Fact:** as being unsupported by Defendant's citation [LR 56.1(B)(2)(a)(2)(iii)] because even if Hudson had actually been interviewed in publications—which Plaintiff does not concede—the citations do not include any publications for the years 2008-2013, 2015, 2017-2019, and the publications cited for 2014 and 2016 are not prominent publications by the media but rather student reports. *See also* Ex. AB, Frank Report at 2 (summarizing, after conducting a comprehensive search of "various databases encompassing hundreds of millions of print-media articles that were published in the past 40+ years, . . . that the Defendant used the term 'NuBank' at best ***sporadically***."); *id.* at 21-23, Rpt. Ex. C and Ex. D (specifically noting a "ten-to-twelve-year gap between 2009 and 2020 where there were apparently ***no articles, postings, or quotations in any of the hundreds of journals, newspapers and magazines covered by the NEXIS system***, associating Hudson with the term NuBank.") (emphasis added).

**Defendant's Reply**: Plaintiff offers no evidence that the deposition testimony is not admissible. *See* LR 56.1(B)(3)(b). The rest of the challenge is argument unrelated to whether Hudson appeared in the publications.

\* \* \*

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 37

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| In March of 2003, in Barron's, in an article entitled "Vaulting Ambition," the author noted that "Hudson … currently has more than 400 leads from would-be investors who have visited his Website, www.NuBank.com." | *Id.;* Depo Ex. 14 at p. 2. |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the publication cited does not show or reference when Hudson actually used **"**Nubank" in rendering services, and because Hudson's own statements have no bearing on whether consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The article is publicly available, plainly relevant, and relates to questions at issue in the case. Moreover, the article may be judicially noticed subject to FRE 201.

\* \* \*

**Plaintiff Challenges This Fact:** as being unsupported by Defendant's citation [LR 56.1(B)(2)(a)(2)(iii)] because the author is merely citing and/or quoting Hudson's own unproven claims, not "noting" actual facts.

**Defendant's Reply**: The text of the article speaks for itself. The article is publicly available, plainly relevant, and relates to question at issue in the case. Moreover, the article may be judicially noticed subject to FRE 201.

\* \* \*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 38**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| In October of 2003, Hudson was quoted in American Banker, in an article entitled "Can Start-Up Banks Become an Investment Niche?" and was referred to as "Dan Hudson, the chief executive officer of NuBank." | *Id.;* Depo Ex. 14 at p. 2. |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the publication cited does not show or reference when Hudson actually used "Nubank" in rendering services, and because Hudson's own statements have no bearing on whether consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The article is publicly available, plainly relevant, and relates to questions at issue in the case. Moreover, the article may be judicially noticed subject to FRE 201.

\* \* \*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 39**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| In June of 2004, in American Banker, in an article entitled, "Aspiring Hispanic Start-Ups Boast an Edge" the author referenced "Dan Hudson, the chief executive officer of Nubank." | *Id.;* Depo Ex. 14 at p. 8. |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the publication cited does not show or reference when Hudson actually used "Nubank" in rendering services, and because Hudson's own statements have no bearing on whether consumers actually came to recognize

and/or associate Hudson's services with "Nubank."

   Defendant's Reply: The article is publicly available, plainly relevant, and relates to questions at issue in the case. Moreover, the article may be judicially noticed subject to FRE 201.

* * *

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 40**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| In June of 2005, in the New York Times, Dan Hudson was quoted as an expert in the banking space. | *Id.;* Depo Ex. 14 at p. 10 |

   **Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the publication cited does not show or reference when Hudson actually used **"**Nubank" in rendering services, and because Hudson's own statements have no bearing on whether consumers actually came to recognize and/or associate Hudson's services with "Nubank."

   Defendant's Reply: The article is publicly available, plainly relevant, and relates to questions at issue in the case. Moreover, the article may be judicially noticed subject to FRE 201.

* * *

   **Plaintiff Challenges This Fact:** as being unsupported by Defendant's citation [LR 56.1(B)(2)(a)(2)(iii)] because the cited publication actually indicates that Hudson was the "President of Bankmark."

   Defendant's Reply: The text of the article speaks for itself and identifies Hudson as an expert in the banking space. The article is publicly available, plainly

relevant, and relates to question at issue in the case. Moreover, the article may be judicially noticed subject to FRE 201.

* * *

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 41**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| In October of 2005, in Kiplinger's Personal Finance, in an article entitled, "7 Ways to Retire Rich Invest Creatively" the author quoted "Dan Hudson, president and chief executive officer of NuBank." | *Id.;* Depo Ex. 14 at p. 9. |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the publication cited does not show or reference when Hudson actually used "Nubank" in rendering services, and because Hudson's own statements have no bearing on whether consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The article is publicly available, plainly relevant, and relates to questions at issue in the case. Moreover, the article may be judicially noticed subject to FRE 201.

* * *

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 42**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| In Kiplinger's March 2006 article, "Fresh Ideas for Retiring Rich" Mr. Hudson was quoted as "Dan Hudson, president and chief executive officer of Nubank," and the name NuBank was hyperlinked to Hudson's website nubank.com. | *Id.;* Depo Ex. 14 at p. 12. |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR

56.1(B)(2)(a)(2)(iii)] because the publication cited does not show or reference when Hudson actually used "Nubank" in rendering services, and because Hudson's own statements have no bearing on whether consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The article is publicly available, plainly relevant, and relates to questions at issue in the case. Moreover, the article may be judicially noticed subject to FRE 201.

* * *

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 43

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| In January of 2007, in Charlotte Business Journal, in an article entitled, "Startup Banks Face Tough Fund-Raising Environment" the author quoted Dan Hudson as a "consultant to banks." | *Id.*; Depo Ex.14 at 16. |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the publication cited does not show or reference when Hudson actually used "Nubank" in rendering services, and because Hudson's own statements have no bearing on whether consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The article is publicly available, plainly relevant, and relates to questions at issue in the case. Moreover, the article may be judicially noticed subject to FRE 201.

* * *

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 44**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| In May of 2007, in St. Petersburg Times, in an article entitled, "More New Banks Meeting Local Needs" the author quoted "Dan Hudson, president of the NuBank Group." | *Id.*; Depo Ex. 14 at 26. |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the publication cited does not show or reference when Hudson actually used "Nubank" in rendering services, and because Hudson's own statements have no bearing on whether consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The article is publicly available, plainly relevant, and relates to questions at issue in the case. Moreover, the article may be judicially noticed subject to FRE 201.

\* \* \*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 45**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| In Bank Advisor's November 2007 article entitled, "Gold Rush," the author quoted "Dan Hudson, CEO of Nubank." | *Id.*; Depo Ex. 14 at 14. |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the publication cited does not show or reference when Hudson actually used "Nubank" in rendering services, and because Hudson's own statements have no bearing on whether consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The article is publicly available, plainly relevant, and

relates to questions at issue in the case. Moreover, the article may be judicially noticed subject to FRE 201.

\* \* \*

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 46

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On December 4, 2007, in the "Abled" blog, entitled "Uncourageous #1: "New Approach to Banking for Physically Disabled," the author quoted "Nubank President Dan Hudson." | *Id*.; Depo Ex. 14 at 13. |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the publication cited does not show or reference when Hudson actually used "Nubank" in rendering services, and because Hudson's own statements have no bearing on whether consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The article is publicly available, plainly relevant, and relates to questions at issue in the case. Moreover, the article may be judicially noticed subject to FRE 201.

\* \* \*

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 47

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| In December of 2007, in Hispanic Trending, in an article entitled, "New Latino Owned Sta. Ana Bank in One of Just a few Nationwide" the author quoted "Dan Hudson of Nubank". | *Id*.; Depo Ex. 14 at 18 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR

56.1(B)(2)(a)(2)(iii)] because the publication cited does not show or reference when Hudson actually used "Nubank" in rendering services, and because Hudson's own statements have no bearing on whether consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The article is publicly available, plainly relevant, and relates to questions at issue in the case. Moreover, the article may be judicially noticed subject to FRE 201.

\* \* \*

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 48

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| In December of 2007, in the Los Angeles Times, in an article entitled, "Santa Ana Bank Targets Locals" the author quoted "Dan Hudson of Nubank." | *Id.;* Depo Ex. 14 at 20. |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the publication cited does not show or reference when Hudson actually used "Nubank" in rendering services, and because Hudson's own statements have no bearing on whether consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The article is publicly available, plainly relevant, and relates to questions at issue in the case. Moreover, the article may be judicially noticed subject to FRE 201.

\* \* \*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 49**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| In January 2009, in Smart Money, in an article entitled "Your Own Private ATM," the author noted "Hudson, who heads NuBank." | *Id*.; Depo Ex. 14 at 27. |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the publication cited does not show or reference when Hudson actually used "Nubank" in rendering services, and because Hudson's own statements have no bearing on whether consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The article is publicly available, plainly relevant, and relates to questions at issue in the case. Moreover, the article may be judicially noticed subject to FRE 201.

* * *

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 50**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| In September of 2009, in Wealth Management, in an article entitled "You Can Open a Bank" the author notes his source as "Dan Hudson, founder and CEO of Nubank" and quotes Mr. Hudson numerous times. | *Id*.; Depo Ex. 14 at 37 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the publication cited does not show or reference when Hudson actually used "Nubank" in rendering services, and because Hudson's own statements have no bearing on whether consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The article is publicly available, plainly relevant, and relates to questions at issue in the case. Moreover, the article may be judicially noticed subject to FRE 201.

\* \* \*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 51**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| In June of 2014, in the "M-RCBG Associate Working Paper Series" published by Mossavar-Rahmani Center for Business & Government of Harvard University, an article entitled "Incubating Inner-City Branches for Acquisition by Financial Institutions" takes note of "Nubank CEO, Dan Hudson" and quotes him for his expertise. | *Id*.; Depo Ex. 14 at 40 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the publication cited does not show or reference when Hudson actually used "Nubank" in rendering services, and because Hudson's own statements have no bearing on whether consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The article is publicly available, plainly relevant, and relates to questions at issue in the case. Moreover, the article may be judicially noticed subject to FRE 201.

\* \* \*

**Plaintiff Challenges This Fact:** as unsupported to the extent it attempts to use the cited publication as evidence of media recognition when it is actually a student- published report. *See* Harvard Kennedy School Policy Analysis Exercise,

*available                at                www.hks.harvard.edu/educational-programs/masters-programs/master-public-policy/curriculum/polic y-analysis-exercise* (last accessed September 28, 2022) (indicating that this publication is not an article published by the media, but rather a Policy Analysis Exercise (PAE) written by a student at the Harvard Kennedy School, the equivalent of a Masters' Thesis.).

**Defendant's Reply**: The text of the article speaks for itself, and the article's source publication and author are clearly identified. The article is publicly available, plainly relevant, and relates to question at issue in the case. Moreover, the article may be judicially noticed subject to FRE 201.

* * *

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 52

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| In 2016, in A State of the Region White Paper, in a study entitled "State of the Cascades West Economic Development District: The Banking Industry," the authors quoted "Dan Hudson, founder and CEO of Nubank." | *Id.*; Depo Ex. 14 at 42 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the publication cited does not show or reference when Hudson actually used "Nubank" in rendering services, and because Hudson's own statements have no bearing on whether consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The article is publicly available, plainly relevant, and relates to questions at issue in the case. Moreover, the article may be judicially noticed subject to FRE 201.

* * *

**Plaintiff Challenges This Fact:** as unsupported to the extent it attempts to use the cited publication as evidence of media recognition when it is actually a report authored by an intern ("Blame Helm, Intern") working on a government research project. *See also* State of the Region Project, *available at* stateoftheregion.org/ (last accessed September 28, 2022) (indicating that The State of the Region project highlights trends, connections, and indicators related to the people and the economy of the Benton, Lincoln, and Linn County region.)

**Defendant's Reply**: The text of the article speaks for itself, and the article's source publication and author are clearly identified. The article is publicly available, plainly relevant, and relates to question at issue in the case. Moreover, the article may be judicially noticed subject to FRE 201.

* * *

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 53**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| In January 2020, in Banking Dive, in an article entitled "De Novo Activity Fell in 2019 Despite FDIC Plea", the author quoted "Dan Hudson, CEO of NuBank." | *Id.;* Depo Ex. 14 at 53. |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the publication cited does not show or reference when Hudson actually used "Nubank" in rendering services, and because Hudson's own statements have no bearing on whether consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The article is publicly available, plainly relevant, and

relates to questions at issue in the case. Moreover, the article may be judicially noticed subject to FRE 201.

* * *

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 54**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| In March 2020, in American Banker, in an article entitled, "De Novo Activity Has Gone Silent. What Happened?" the author quotes "Dan Hudson, CEO of NuBank." | *Id.;* Depo Ex. 14 at 43. |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the publication cited does not show or reference when Hudson actually used "Nubank" in rendering services, and because Hudson's own statements have no bearing on whether consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The article is publicly available, plainly relevant, and relates to questions at issue in the case. Moreover, the article may be judicially noticed subject to FRE 201.

* * *

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 55**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| In April of 2020, in American Banker, in an article entitled "After surge, bank startups take snooze," the author quoted "Dan Hudson, the chief executive of NuBank." | Id.; Depo Ex. 14 at 50. |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the publication cited does not show or reference when Hudson actually used "Nubank" in rendering services, and because Hudson's own

statements have no bearing on whether consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The article is publicly available, plainly relevant, and relates to questions at issue in the case. Moreover, the article may be judicially noticed subject to FRE 201.

* * *

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 56

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| Nu Pagamentos was aware of Dan Hudson's ownership of nubank.com at least by June of 2009, when David Velez offered to purchase the domain name from Hudson. | Hudson Depo 86:3-25 |

**Plaintiff Objects to This Fact:** as lacking personal knowledge [FRE602] and as hearsay [FRE801].

**Defendant's Reply**: Hudson had personal knowledge because Velez personally contacted Hudson, and Hudson can testify to that fact based on his personal knowledge.

* * *

**Plaintiff Challenges This Fact:** as being directly refuted by the evidence on the record. *See* Ex. AJ, NUBANK29597, Emails on November 1, 2013 (forwarding a list of potential company and brand names generated by epigram, a third-party branding agency, and discussing the names provided, including the NUBANK name eventually chosen for the company's brand); *see also* Ex. AI, Velez Depo. Tr. at 26:10-15 (explaining that the company decided to rebrand in 2013 to a more "friendly" sounding name—and this being the third time it changed

its name—the founders decided it would be best to hire an outside branding agency to help); *see generally* Ex. AI, Velez Depo. Tr. at 25:21-27:6; (Mr. Velez explaining the origin and evolution of the company's name and NUBANK brand).

**Defendant's Reply**: Moreover, Plaintiff's *own* evidence and statements of fact corroborate this fact, when they state that "In June 2014, the founders of Nu Pagamentos, Mrs. Junqueira and Mr. Velez, contacted Hudson through LinkedIn to inquire whether Hudson was interested in selling the nubank.com domain name." *See* Dkt. #127-1 at ¶ 71.

\* \* \*

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 57

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| In 2010, the Nubank Group published a description of their history and then current offerings, including sub-brands. | Hudson Depo 286:14-287:25 and Depo Ex. 15. |

**Plaintiff Challenges This Fact:** as being unsupported by Defendant's citation because there is no indication of whether the document was ever "published," and as being directly refuted by the evidence on the record to the extent it implies Hudson advertised, offered, or rendered services under the name "Nubank" or that anyone has ever known Hudson as doing business under "Nubank." *See* Ex. C, Hudson Depo. Tr. at 54:20-57:24 and 301:20-25 (admitted to using Bankmark to identify the services he offered and provided in helping form a new bank)*;* Ex. B, Def.'s Second Am. Resp. to RFA Nos. 77, 80, 84-91 (admitting that he "generally used the term 'Bankmark'"); Ex. G, Record of Bankmark d/b/a Filing in Orange County, California (listing Hudson and his address at 215 E Orangethorpe Ave, Fullerton, CA); Ex. H, Arizona Tax Lien (against Bankmark,

listing its address at 5015 Addison Cir. #511, Addison TX); Ex. I, California State Tax Lien (against Bankmark listing the same address in Addison, TX); *see also* Ex. M, HUDSON28205, Bankmark Invoice dated September 19th, 2007 (one example out of 783 invoices produced by Hudson, each one with the same instruction to: "**Make Payable to: 'Dan Hudson or Bankmark'** - *MUST USE EXACT PHRASE*!") (emphasis in original); *see also* Ex. N, Zhai Decl. at ¶ 2 (listing bates numbers of all Bankmark Invoices produced that include the same instructions); Ex. C, Hudson Depo. Tr. at 298:9-19, Depo. Ex. Nos. 19-22 (examples of contracts that Hudson confirmed he entered into as "Bankmark"); Ex. E, Conti Decl. at ¶ 4 ("If we entered into contracts, they were in the name of Bankmark, not Nubank."). Among thousands of internal documents such as corporate/HR policies, budgets, and employment agreements, as well as marketing materials and correspondence (both internally and to clients) using and referring to Hudson's business as "Bankmark," *see, e.g.,* Ex. O, HUDSON07644 (Bankmark Marketing Paper); Ex. P, HUDSON39943 (Bankmark Employee Emails); Ex. Q, HUDSON16932 (Bankmark Services Description), Ex. R, HUDSON47437, (Bankmark Letter) and [SUF#18], Ex. S, HUDSON020645 (Bankmark Training Manual and Policies); Ex. T, HUDSON021544 (Bankmark Account Ledger); Ex. U, HUDSON015361 (Bankmark Payroll).

**Defendant's Reply**: The Plaintiff's response is not "concise." *See* LR 56.1(B)(2)(a)(1). The Plaintiff's evidence does not support the Plaintiff's response because Plaintiff offers no evidence that the deposition testimony is not admissible. *See* LR 56.1(B)(3)(b). Moreover, Ms. Conti was not timely identified or disclosed as a fact witness, at any time, by either party. Defendant also broadly

objects to the inclusion of numerous citations that are completely irrelevant to the proposed fact. Defendant incorporates by reference each and every objection in Hudson's Statement of Genuine Disputes. *See* Dkt. #127-1.

* * *

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 58

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On April 14, 2010, sconti@nubank.com informed Mr. Hudson of certain banking opportunities. | Exhibit 8 at Hudson 0002541 |

**Plaintiff Objects To This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue uses Hudson's nubank.com domain name and is clearly relevant. The content is plainly relevant.

* * *

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008. *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under

Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

\* \* \*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 59**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On April 14, 2010, Mr. Hudson discussed with VR Ranganath the need for operating funds to complete his work. | Exhibit 8 at Hudson 0002626 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

\* \* \*

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008. *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last

rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

> **Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

* * *

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 60**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On April 14, 2010, Jason Pruitt replied to an email from Mr. Hudson, using his email nubankguru@yahoo.com, re: "This is Dan from Nubank," giving him his contact information. | Exhibit 8 at Hudson 0002623 |

> **Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

> **Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

* * *

> **Plaintiff Challenges This Fact**: as being directly refuted by the evidence on

the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008. *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

* * *

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 61**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On September 22, 2010, Rene Kakebeen, in an email sent to Mr. Hudson's email address nubankguru@yahoo.com, informed him the warrants cannot exceed 33% of the total "risk capital" raised. | Exhibit 8 at Hudson 0002571 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

* * *

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008. *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

* * *

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 62

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On June 7, 2011, Ben New informed Mr. Hudson that "NuValue Analytics" would be good for Great Nations Bank. | Exhibit 8 at Hudson 0002594 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually

rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

\* \* \*

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008.  *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

\* \* \*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 63**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On June 7, 2011, Mr. Hudson and Ben New discussed updates on the Houston projects and the acquisition of a Bank in Central Ca. Both projects were moving forward. | Exhibit 8 at Hudson 0002609 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

\* \* \*

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008.  *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to

the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

* * *

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 64**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On October 10, 2011, Paul Joegriner informed Mr. Hudson and Rene Kakebeen that he agrees with the latter's conclusion on the Hoover Memo and the 2010 C&D. | Exhibit 8 at Hudson 0002537 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

* * *

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008. *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under

Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

   **Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

* * *

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 65**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On November 4, 2011, Rene Kakebeen replied in the affirmative on the query of Eugene Jeanne to Mr. Hudson on the availability of banks for grabs. | Exhibit 8 at Hudson 0002495 |

   **Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

   **Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

* * *

   **Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008. *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last

rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

\* \* \*

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 66

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| In an exchange of emails on November 10-14, 2011, Mr. Hudson and mark@championacq.com discussed the need of the parties to sign a NDA before the parties can proceed with "the deal". | Exhibit 8 at Hudson 0002527 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

\* \* \*

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on

the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008.  *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

* * *

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 67

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On November 13, 2011, Mark Lasman requested Mr. Hudson's NDA. | Exhibit 8 at Hudson 0002556 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

* * *

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008.  *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

* * *

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 68**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On November 16, 2011, as part of doing due diligence, Hudson was involved in a project discussion. | Exhibit 8 at Hudson 0002572 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

* * *

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008.  *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

* * *

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 69**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On November 19, 2011, third-party customer ejeannel@comcast.net requested clarification from Mr. Hudson on warrants after the latter discussed with him thoughts and ideas about banking. | Exhibit 8 at Hudson 002547 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR

56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

\* \* \*

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008. *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

\* \* \*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 70**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On November 19, 2011, Mr. Hudson sought the opinion of Rene Kakebeen, Paul and Eugene on how a bank can make money. | Exhibit 8 at Hudson 0002549 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

\* \* \*

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008.  *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The

email speaks for itself.

* * *

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 71

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On November 28, 2011, Hudson discussed with Stacey Conti possible influx of funds, investing in banks and hotels. | Exhibit 8 at Hudson 0002553 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

* * *

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008. *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

* * *

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 72**

| Defendant's Fact | Evidence Cited by Defendant |
| --- | --- |
| In November 29-30, 2011 email exchanges, Mr. Hudson participated in the discussion on a three phases project regarding consulting to employment. | Exhibit 8 at Hudson 0002558 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

* * *

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008. *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct.");

*id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

\* \* \*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 73**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On January 10, 2012, ejeannel@comcast.net, in reply to an email on improved approach to 1st East Side Savings or anyone in a like position, informed Mr. Hudson that he was looking forward to participating in the discussion. | Exhibit 8 at Hudson 0002587 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

\* \* \*

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008.  *See* Ex. C,

Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

\* \* \*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 74**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On June 23, 2012, Ben New and Mr. Hudson discussed the possible questions by bank investors, such as the chance to see the minimum levels, regulatory issues, representation of owner banks or holding companies. | Exhibit 8 at Hudson 0002496 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

* * *

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008. *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

* * *

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 75

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On July 17, 2012, Ken Hansen informed Mr. Hudson, through his email nubankguru@yahoo.com, that there were opportunities from Florida investors. | Exhibit 8 at Hudson 0002569 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with

"Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

\* \* \*

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008. *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct.");

*id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

\* \* \*

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 76

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On August 1, 2012, Eugene Jeanne gave Mr. Hudson the affiliate banks of Capital Bancorp Limited and informed him that he thinks that the last 5-banks are for sale. | Exhibit 8 at Hudson 0002513 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR

56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

\* \* \*

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008.  *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

\* \* \*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 77**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On August 22, 2012, Mr. Hudson and Eugene Jeanne discussed problematic banks affiliated with Capitol Bancorp in Arizona. In their discussion, Mr. Jeanne forwarded to Mr. Hudson a list of banks with problems. | Exhibit 8 at Hudson 0002681 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

\* \* \*

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008.  *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to

the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

\* \* \*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 78**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On October 22, 2013, Ben New and Mr. Hudson discussed the opportunity of opening bank branches in different states. | Exhibit 8 at Hudson 0002509 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

\* \* \*

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008. *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15

years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

\* \* \*

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 79

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On December 19, 2013, Hudson, using his email nubankguru@yahoo.com, discussed potential business with Paulette S at International Security Products | Exhibit 8 at Hudson 0002567 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

\* \* \*

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008. *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least

15 years since [Hudson] assisted in the formation of a bank, right? A: Correct.");
*id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under
Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15
years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to
the specific evidence being offered, namely, the email and the content therein. The
email speaks for itself.

* * *

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 80**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On December 17, 2013. Andrew Salemi replied to Mr. Hudson's email nubankguru@yahoo.com, discussing the description and responsibilities of investors. | Exhibit 8 at Hudson 0002552 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR
56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually
rendered any services under the name "Nubank" nor services as evidence that
consumers actually came to recognize and/or associate Hudson's services with
"Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising,
solicitation and ongoing use of "Nubank" and is clearly relevant.

* * *

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on
the record to the extent it implies that Hudson actually marketed, entered into any
contract, or provided any services under the name "Nubank" after 2008. *See* Ex. C,

Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

\* \* \*

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 81

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On February 24, 2014, Mr. Hudson received notice from a third party that his domain name, Nubank.com, was due for an annual update of his site's meta information. | Exhibit 8 at Hudson 0000581 |

Plaintiff does not dispute this fact solely for purposes of summary judgement.

\*\*\*

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 82

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On April 1, 2014, Mr. Hudson and Ben New were discussing the small banks with issues in various states. | Exhibit 8 at Hudson 0002619 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually

rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

\* \* \*

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008. *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

\* \* \*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 83**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| In July 2014, Velez contacted Dan Hudson and offered to purchase the nubank.com domain name from Hudson and potentially provide Hudson with a domain address with similar name controlled by the Plaintiff. | Velez Depo at 155:8-159:7 and Exhibit 18 thereto. |

Plaintiff does not dispute this fact solely for purposes of summary judgement.

***

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 84**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| Velez admitted that when he reached out to Hudson, Hudson had provided "number of attachments attaching some articles that talked about him that were from like 1999 or 1997." | Velez Depo at 104:1-12. |

Plaintiff does not dispute this fact solely for purposes of summary judgement.

***

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 85**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| Velez admitted that "the articles mentioned [Hudson's] name" and "in the context of him providing services in the US to start new banks." | Velez Depo at 104:1-12 |

Plaintiff does not dispute this fact solely for purposes of summary judgement.

***

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 86**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On June 19, 2014, Hudson wrote a message to Velez: "David I am very familiar with and known at Sequoia Capital in Menlo Park. I am the owner of Nubank.com and other variations of this URL. It has been registered to me since 1995. I have of late had inquiries regarding nubank.com.br and other related iterations. You are listed as the registered owner of .org which should not be used in financial services or technology as it appears to be occurring in br. Please advise." | Velez Depo at 155:8-159:7 and Exhibit 18 thereto. |

Plaintiff does not dispute this fact solely for purposes of summary judgement.

\*\*\*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 87**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| In June 2014, Cristina Junquiera of Nubank also reached out to Dan Hudson through LinkedIn and offered to purchase nubank.com. | Deposition of Cristina Junquiera ("Junqueira Depo") Exhibit #6 127:2-12; 131:6-132:15 and Depo Exhibit 6 thereto. |

Plaintiff does not dispute this fact solely for purposes of summary judgement.

\*\*\*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 88**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| In May, 2014, Mr. Hudson was communicating with Andrew Salemi and others about a deal with Allied and discussing a potential deal with the Grant County Deposit Bank, Jonesville branch. | Exhibit 8 at Hudson 0002574 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that

consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

\* \* \*

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008. *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

\* \* \*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 89**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On March 31, 2015, Yahoo reminder sent an email to nubankguru@yahoo.com, with the subject "Dan Hudson 1 EST, Tuesday, 31 March 2015." The reminder was from Mr. Hudson's calendar and was about a phone conference scheduled by "Mr. Hudson, Pres/CEO at Nubank." | Exhibit 8 at Hudson 0000831 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

\* \* \*

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008. *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

\* \* \*

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 90

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On May 20, 2015, Mr. Hudson, using his email nubankguru@yahoo.com, discussed with Jim Smith the process for launching the first Boston Digital. | Exhibit 8 at Hudson 0002251 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

\* \* \*

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008.  *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct.");

*id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

\* \* \*

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 91

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| In 2016, Bankmark Nubank, Tx acted as a banking consultant for Gateway Community Partners, LLC which was seeking investors for community banks. | Exhibit 8 at Hudson 0001204-1231 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

\* \* \*

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008. *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at

203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

\* \* \*

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 92

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On January 7, 2017, Mr. Hudson participated in a discussion with Wayne Brown, Stacey Conti and James Miller on the referral partnership with CFN. | Exhibit 8 at Hudson 0002588-2593 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

\* \* \*

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on

the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008.  *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

    **Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

* * *

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 93**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On August 15, 2017, Stacey Conti and Mr. Hudson were discussing remuneration. | Exhibit 8 at Hudson 0002595 |

    **Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

    **Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

* * *

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008.  *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

* * *

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 94

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On September 18, 2017, Mr. Hudson, using nubankguru@yahoo.com, wrote Eugene Jeanne and Rene Kakebeen, about 6 different groups that wanted banks. | Exhibit 8 at Hudson 0001375 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with

"Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

* * *

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008. *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

* * *

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 95

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| In September 2017, Mr. Hudson, under the auspices of Nubank, was discussing a Bank Acquisition Project with Wes Drommon and Richard Garabedian. | Exhibit 8 at Hudson 0002607-2608 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

\* \* \*

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008.  *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

\* \* \*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 96**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On September 21, 2017, Mr. Hudson, using nubankguru@yahoo.com, asked Stacey Conti to review the revised agreement with Wes & Co. | Exhibit 8 at Hudson 0002035 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

\* \* \*

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008. *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to

the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

* * *

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 97**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On September 22, 2017, Stacey Conti discussed with Mr. Hudson a document he sent her. | Exhibit 8 at Hudson 0002460 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant..

* * *

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008. *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15

years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

* * *

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 98**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On October 4, 2017, Stacey Conti confirmed with Mr. Hudson that the NDA was already sent to Community Capital in September. | Exhibit 8 at Hudson 0002521 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

* * *

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008. *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least

15 years since [Hudson] assisted in the formation of a bank, right? A: Correct.");
*id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under
Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15
years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to
the specific evidence being offered, namely, the email and the content therein. The
email speaks for itself.

* * *

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 99**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On October 16, 2017, Mr. Hudson received an email reply, to his email address nubankguru@yahoo.com, from Richard Garabedian, informing him that an agreement was to be sent to him. | Exhibit 8 at Hudson 0002566 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR
56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually
rendered any services under the name "Nubank" nor services as evidence that
consumers actually came to recognize and/or associate Hudson's services with
"Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising,
solicitation and ongoing use of "Nubank" and is clearly relevant.

* * *

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on
the record to the extent it implies that Hudson actually marketed, entered into any

contract, or provided any services under the name "Nubank" after 2008. *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

\* \* \*

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 100

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On October 18, 2017, Mr. Hudson, using nubankguru@yahoo.com, informed Rene Kakebeen of the upcoming work. According to him, he has some target investors from NYC / DC. | Exhibit 8 at Hudson 0002024 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

* * *

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008.  *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

* * *

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 101**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On February 16, 2018, Mr. Hudson, using nubankguru@yahoo.com, wrote John Gainor regarding his potential opportunity with the MJ Bank acquisition project. | Exhibit 8 at Hudson 0001201 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with

"Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

\* \* \*

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008. *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

\* \* \*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 102**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On February 22, 2018, Mr. Hudson discussed with Ben New the possibilities of acquiring banks in Jackson. | Exhibit 8 at Hudson 0002506 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR

56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

\* \* \*

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008.  *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

\* \* \*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 103**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On February 28, 2018, Mr. Hudson, using nubankguru@yahoo.com, in response to Tom Kerestes, stated that they would have an agreement and budget covering all the anticipated cost. | Exhibit 8 at Hudson 0001723 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

\* \* \*

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008. *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to

the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

\* \* \*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 104**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On March 23, 2018, Mr. Hudson, using nubankguru@yahoo.com, wrote Eugene Jeanne. He discussed in the email his efforts of introducing the recipient to Paul, who can assist the same in preparing to meet the FHLB in SF or the Western Region. | Exhibit 8 at Hudson 0000941 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

\* \* \*

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008. *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least

15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

\* \* \*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 105**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On March 23, 2018, Mr. Hudson, using nubankguru@yahoo.com, discussed with Tom Kerested and Robert Levy the acquisition budget. According to Mr. Hudson, the budget will be updated by estimate as the project gains momentum. | Exhibit 8 at Hudson 0001939 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

\* \* \*

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any

contract, or provided any services under the name "Nubank" after 2008. *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

* * *

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 106

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On April 18, 2018, Mr. Hudson, using nubankguru@yahoo.com, informed Dwayne Davis that discussion on fees of investors, directors, consultants, agents or contractors will serve as a second item in their package. | Exhibit 8 at Hudson 0001727 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising,

solicitation and ongoing use of "Nubank" and is clearly relevant.

\* \* \*

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008.  *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

\* \* \*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 107**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On May 10, 2018, Mr. Hudson, using nubankguru@yahoo.com, informed Arthur Smith, Mark Lasman and Howard Harrison that they are not buying the bank and attaining the charter 100% of their value. | Exhibit 8 at Hudson 0001548 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually

rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

* * *

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008.  *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

* * *

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 108**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On May 17, 2018, Mr. Hudson received a solicitation for the purchase of the nubank.com at his nubankguru@yahoo.com email address, which he indicated he did not intend to sell. | Exhibit 8 at Hudson 0001252 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

\* \* \*

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008. *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to

the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

\* \* \*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 109**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On May 18, 2018, Mr. Hudson, using nubankguru@yahoo.com, wrote Tom Kerestes and Robert Levy discussing with them the advantages of investing in a bank having many FinTech entities and the opportunities brought by partnering with a bank as with the bank in Bend Oregon. | Exhibit 8 at Hudson 0000841 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

\* \* \*

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008. *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least

15 years since [Hudson] assisted in the formation of a bank, right? A: Correct.");
*id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under
Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15
years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to
the specific evidence being offered, namely, the email and the content therein. The
email speaks for itself.

\* \* \*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 110**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On May 25, 2018, Mr. Hudson, using nubankguru@yahoo.com, discussed with Dwayne Davis banking relationships. | Exhibit 8 at Hudson 0001750 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR
56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually
rendered any services under the name "Nubank" nor services as evidence that
consumers actually came to recognize and/or associate Hudson's services with
"Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising,
solicitation and ongoing use of "Nubank" and is clearly relevant.

\* \* \*

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on
the record to the extent it implies that Hudson actually marketed, entered into any
contract, or provided any services under the name "Nubank" after 2008.  *See* Ex. C,

Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

\* \* \*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 111**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On June 5, 2018, Mr. Hudson, using nubankguru@yahoo.com, replied to Christian Murray and discussed with him the financial model he created. | Exhibit 8 at Hudson 0001401 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

\* \* \*

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008.  *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

\* \* \*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 112**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On August 2, 2018, Mr. Hudson, using nubankguru@yahoo.com, wrote Clinton D. Weston, "Clint Weston." He discussed some of the details of employment of the management group in Utah. | Exhibit 8 at Hudson 0000932 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

* * *

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008.  *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

* * *

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 113**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On August 8, 2018, in response to the Co Broker Agreement query, Mr. Hudson, using nubankguru@yahoo.com, informed Jim Fancher that the said area is an area he manages. | Exhibit 8 at Hudson 0001700 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR

56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

Defendant's Reply: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

* * *

Plaintiff Challenges This Fact: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008. *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

Defendant's Reply: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

* * *

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 114**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On August 23, 2018, Mr. Hudson, using nubankguru@yahoo.com, discussed with Clint Weston the opportunity for Clint to attain a percentage of ownership closer to the organizers. | Exhibit 8 at Hudson 0001756 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

\* \* \*

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008. *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to

the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

* * *

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 115**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On August 30, 2018, Mr. Hudson, using nubankguru@yahoo.com, informed Jontae James that he was able to contact Jim who can serve as a contract consultant to the payments entity within the bank. | Exhibit 8 at Hudson 0001376 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

* * *

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008. *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under

Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

    **Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

* * *

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 116

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On September 26, 2018, Mr. Hudson, using nubankguru@yahoo.com, wrote Christian Murray and Bryan Efimov informing them that he is in the process of moving the investment funds in the impound account. | Exhibit 8 at Hudson 0001377 |

    **Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

    **Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

* * *

    **Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008. *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at

203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

* * *

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 117**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On September 27, 2018, Mr. Hudson, using nubankguru@yahoo.com, replied to Eric Clare, who discussed with him loan/investment programs associated with education leading toward self-sufficiency. | Exhibit 8 at Hudson 0001754 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

* * *

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008.  *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

\* \* \*

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 118

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On November 28, 2018, Mr. Hudson was participating in a conference call discussing bank strategy and tasks with numerous collaborators and potential clients. | Exhibit 8 at Hudson 0000585 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name  "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

* * *

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008. *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

* * *

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 119

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On December 24, 2018, Mr. Hudson, using nubankguru@yahoo.com, gave an update on his work regarding a small bank close to the Oregon-Washington border. | Exhibit 8 at Hudson 002026 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually

rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008.  *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

\* \* \*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 120**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| In January 2019, Dan Hudson under the Nubank/Bankmark trade name, explored a potential consulting arrangement with Greenbox POS. | Exhibit 8 at Hudson 001232, 001234 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

\* \* \*

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008.  *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

\* \* \*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 121**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| In January 2019, Hudson trading as Bankmark/Nubank Group explored a potential consulting arrangement with Alternate36, Inc. | Exhibit 8 at Hudson 0001267, 0001266 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

* * *

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008.  *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to

the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

\* \* \*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 122**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On February 27, 2019, Mr. Hudson, using nubankguru@yahoo.com, asked Ernie Garfield if any of the banks opening have not read where they may be capitalizing or formally filed with the FDIC. | Exhibit 8 at Hudson 0001425 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

\* \* \*

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008. *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under

Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

\* \* \*

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 123

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On April 17, 2019, Mr. Hudson, using nubankguru@yahoo.com, replied to Paige Leili's email on the forthcoming events that need his attention and participation. | Exhibit 8 at Hudson 0001661 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

\* \* \*

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008. *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last

rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

\* \* \*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 124**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On May 14, 2019 Dan Hudson, President of Bankmark/NuBank, presented a Contract Proposal & Letter of Understanding with Lexicon Bank (IO) and John Miller CEO. Mr. Hudson proposed to consult with the said bank organizers to complete their capital raise as prescribed in the current offering circular. | Exhibit 8 at Hudson 0001308 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The document at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

\* \* \*

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008.  *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The document speaks for itself.

* * *

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 125**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On May 15, 2019, Mr. Hudson, using nubankguru@yahoo.com, with the subject Bankmark-Lexicon Contract Proposal for Consulting Services, wrote John Miller informing him that he asked Stacey to work with Russ through the fine/final points. | Exhibit 8 at Hudson 0001304 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with

"Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

\* \* \*

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008. *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

\* \* \*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 126**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| In a May 22, 2019 "Letter of Understanding with Gabriel Bukura", Mr. Hudson discussed with Mr. Bukura the process of establishing a "Banking network capable of servicing multiple channels both Nationally and State", attaching therewith Appendix 1, "illustrating a three Bank Holding Company Model" and Appendix 2 "the Banking Plan Points." | Exhibit 8 at Hudson 0002221 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The document at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

\* \* \*

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008. *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15

years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the document and the content therein. The email speaks for itself.

* * *

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 127**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On May 31, 2019, Mr. Hudson, using nubankguru@yahoo.com, updated Stacey Conti on his meeting with Gab. According to him, Gab's pause on the project was only so he can pay his two partners. | Exhibit 8 at Hudson 0002028 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

* * *

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008. *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last

rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

\* \* \*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 128**

| Defendant's Fact | Evidence Cited by Defendant |
| --- | --- |
| On July 17, 2019, Mr. Hudson was participating in an email discussion with a candidate that was interested in working with Mr. Hudson on a bank project. The discussion related to the candidate's salary requirements and roles at one of Mr. Hudson's potential clients. | Exhibit 8 at Hudson 0000572 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

\* \* \*

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008. *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

* * *

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 129

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On July 21, 2019, Mr. Hudson discussed the "Bank Acquisition Points Ken Shobola". In this write-up, he compared the benefits and features of acquiring a bank through a consulting relationship and a broker relationship. | Exhibit 8 at Hudson 0002202; 0002204; 0002206; 0002216. |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with

"Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

\* \* \*

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008. *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

\* \* \*

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 130

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On July 22, 2019, Mr. Hudson of Nubank Group / Bankmark and Kendall Phillips, President of Liberty Bank, signed an Agreement to Be Bound by Terms of Non-Disclosure Agreement. | Exhibit 8 at Hudson 0001860 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

\* \* \*

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008.  *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

\* \* \*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 131**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On July 29, 2019, Mr. Hudson, using nubankguru@yahoo.com email address, thanked Clint Weston for his note and assured him that he will update him during the day with the progress. | Exhibit 8 at Hudson 0001740 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

\* \* \*

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008. *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients)

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

\* \* \*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 132**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On August 1, 2019, Dan Hudson received an email from Kendall Phillips informing him that the contract he sent is under review. Mr. Hudson was asked to answer some of the questions pertinent to the contract. | Exhibit 8 at Hudson 000188 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

\* \* \*

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008.  *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least

15 years since [Hudson] assisted in the formation of a bank, right? A: Correct.");
*id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under
Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15
years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to
the specific evidence being offered, namely, the email and the content therein. The
email speaks for itself.

\* \* \*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 133**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On August 19, 2019, Mr. Hudson was discussing with several other recipients his efforts to secure a contract with a customer and plans to have discussions with regulators. | Exhibit 8 at Hudson 0000579 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR
56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually
rendered any services under the name "Nubank" nor services as evidence that
consumers actually came to recognize and/or associate Hudson's services with
"Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising,
solicitation and ongoing use of "Nubank" and is clearly relevant.

\* \* \*

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on
the record to the extent it implies that Hudson actually marketed, entered into any

contract, or provided any services under the name "Nubank" after 2008. *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

\* \* \*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 134**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On August 19, 2019, Mr. Hudson, using nubankguru@yahoo.com, updated Stacey Conti and Paige Leili that Kendall's compliance folks resigned and the person doing the financial reporting does not want to be the CFO. Gavin, however, will make sure that everything is ready for the presentation to the Utah regulators. | Exhibit 8 at Hudson 0002025 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

\* \* \*

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008.  *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

\* \* \*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 135**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On August 21, 2019, Mr. Hudson signed a Consulting Agreement between Dan Hudson/Bankmark with Liberty Bank of Utah and Kendall Phillips, Chairman of the Board. The Agreement contained the role of Nubank in the conduct of business of the bank, participation of Mr. Hudson in providing consultancy services and the terms of payment for the consultancy services. | Exhibit 8 at Hudson 0001332 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because entering into contracts as "Dan Hudson/Bankmark" has no bearing on whether Hudson actually entered into contracts under the name Nubank or rendered any services thereunder, whether consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The document at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

\* \* \*

**Plaintiff Challenges This Fact:** as being directly disputes this fact as being directly refuted by the evidence on the record to the extent that "signed" implies that anyone besides Hudson signed, and that the Parties actually entered into the Consulting Agreement between Dan Hudson/Bankmark with Liberty Bank of Utah and Kendall Phillips, Chairman of the Board, because the cited document was only signed by Hudson.

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The

email speaks for itself.

* * *

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 136

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On August 21, 2019, Paige Leili, Bankmark/NuBank Executive Project Administrator, forwarded to Mr. Hudson's email nubankguru@yahoo.com the "Discussion Docs" they have put together. | Exhibit 8 at Hudson 0002201 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

* * *

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008. *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under

Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

   **Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

* * *

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 137**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| In an August 21, 2019 Pro forma Invoice Liberty_082119 was issued by Bankmark/Nubank Group, with account name Dan Hudson. | Exhibit 8 at Hudson 0001329 (confidential portions redacted). |

   **Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because an invoice issued by "Bankmark/Nubank Group" has no bearing on whether Hudson rendered any services under the name "Nubank" by itself nor whether consumers actually came to recognize and/or associate Hudson's services with "Nubank." *See, e.g., Nexsan Techs., Inc. v. EMC Corp*., 260 F. Supp. 3d 68, 77 (D. Mass. 2017) (use of more than one mark made it unclear "which mark to attach to the [service]."); *The Most Worship National Grand Lodge v. United Grand Lodge GA AF & AYM, Inc. et al.,* 1:17-cv-02582, Order Granting Defendant's Motion for Attorney Fees and Sanctions, ECF No. 72 (N.D. Ga Oct. 15, 2019) (sanctioning the plaintiff for claiming common law rights when it failed to "produce any evidence regarding its ***use of the isolated phrase***.") (emphasis added).

   **Defendant's Reply**: The objection is largely legal argument. The document

plainly uses the term "Nubank" and is consistent with other documents and testimony.

\* \* \*

**Plaintiff Challenges This Fact:** as being unsupported by Defendant's citation [LR 56.1(B)(2)(a)(2)(iii)] to the extent it implies that Hudson was actually paid under the invoice.

**Defendant's Reply**: The fact plainly states that the invoice was "issued."

\* \* \*

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 138

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On August 26, 2019, Mr. Hudson, using nubankguru@yahoo.com, sent Paige Leili the "pressing items for today" which include the time billed for the work on the documents, melding of Kendall's support detail into the contract and the setup documents. | Exhibit 8 at Hudson 0001955 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor whether consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

\* \* \*

**Plaintiff Challenges This Fact:** as being unsupported by Defendant's citation [LR 56.1(B)(2)(a)(2)(iii)] to the extent it implies that Hudson was actually

paid for any "time billed for the work on the documents."

    **Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

* * *

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 139

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On September 19, 2019, Mr. Hudson was participating in a discussion with the Bank of Utah about a budget for a project, a contract that Mr. Hudson had previously provided to the Bank of Utah, and an estimate of the fees that would be paid to Mr. Hudson's business. | Exhibit 8 at Hudson 0000569 |

    **Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

    **Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

* * *

    **Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008. *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at

203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

\* \* \*

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 140

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On October 21, 2019, Mr. Hudson, using nubankguru@yahoo.com, discussed with Kendall & Stacey the numerous and pressing concerns to be addressed in completing a proposed project. | Exhibit 8 at Hudson 0001545 |

**Plaintiff Objects to This Fact**: as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

\* \* \*

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008.  *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the document and the content therein. The email speaks for itself.

* * *

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 141**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On October 28, 2019, Mr. Hudson, using nubankguru@yahoo.com, discussed with Stacey Conti the need to have Dave work with Kendall for 3 months to allow them to adapt as a new team. | Exhibit 8 at Hudson 0002047 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

\* \* \*

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008. *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

\* \* \*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 142**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| In December of 2019, Ms. Pam Jacobson, an accomplished attorney at K&L Gates, who advertises herself as "a leading practitioner in intellectual property law" filed a UDRP proceeding against nubank.com on behalf of Plaintiff Nu Pagamentos | Dkt. 23-27, UDRP Complaint. |

**Plaintiff Objects to This Fact:** as only being supported by a citation to a

pleading [LR 56.1(b)(1)(b)]. Plaintiff further objects to this fact as irrelevant

[FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because UDRP proceedings

have no bearing on any issue in dispute. *See, e.g., Barcelona.com, Inc. v.*

*Excelentisimo Ayuntamiento De Barcelona*, 330 F.3d 617, 626 (4th Cir. 2003)

("[B]ecause a UDRP decision is susceptible of being grounded on principles foreign

or hostile to American law, the ACPA authorizes reversing a panel decision if such

a result is called for by application of the Lanham Act."); *Heathmount A.E. Corp.*

*v. Technodome.com*, 106 F. Supp. 2d 860 (E.D. Va. 2000) (concluding that UDRP

proceedings are "not an adequate substitute" for court proceedings due to different

standards).

**Defendant's Reply**: The fact is relevant because it demonstrates Plaintiff's

bad faith as to Hudson, including Plaintiff's pattern and practice of meritless legal

arguments and factual representations.

\* \* \*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 143**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On December 24, 2019, Mr. Hudson, using nubankguru@yahoo.com, informed Dr. Ken Shobola that they should execute the contract and payment on Thursday. | Exhibit 8 at Hudson 0001336 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR

56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually

rendered any services under the name "Nubank" nor services as evidence that

consumers actually came to recognize and/or associate Hudson's services with

"Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

\* \* \*

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008. *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

\* \* \*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 144**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On January 23, 2020, Mr. Hudson, using his nubankguru@yahoo.com email, sent to Clare Olumeya the "Shobola Consulting Agreement". | Exhibit 8 at Hudson 0002634 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually

rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

\* \* \*

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008.  *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

\* \* \*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 145**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On February 14, 2020, a decision on Plaintiff's UDRP Complaint was issued by independent panelist Steven A. Maier. Plaintiff lost to Mr. Hudson on the merits. | Dkt. 23-28 |

**Plaintiff Objects to This Fact:** as only being supported by a citation to a pleading [LR 56.1(b)(1)(b)]. Plaintiff further objects to this fact as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because UDRP proceedings have no bearing on any issue in dispute. *See, e.g., Barcelona.com, Inc. v. Excelentisimo Ayuntamiento De Barcelona*, 330 F.3d 617, 626 (4th Cir. 2003) ("[B]ecause a UDRP decision is susceptible of being grounded on principles foreign or hostile to American law, the ACPA authorizes reversing a panel decision if such a result is called for by application of the Lanham Act."); *Heathmount A.E. Corp. v. Technodome.com*, 106 F. Supp. 2d 860 (E.D. Va. 2000) (concluding that UDRP proceedings are "not an adequate substitute" for court proceedings due to different standards).

**Defendant's Reply**: The fact is relevant because it demonstrates Plaintiff's bad faith as to Hudson, including Plaintiff's pattern and practice of meritless legal arguments and factual representations. Moreover, the opinion is a matter of public record and may be judicially noticed, pursuant to FRE 201.

\* \* \*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 146**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On February 20, 2020, Mr. Hudson, using nubankguru@yahoo.com, sent to himself the Draft Peter Contract, attaching therein the Ken Shobola Working Agreement. | Exhibit 8 at Hudson 0000929 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because merely "using nubankguru@yahoo.com" cannot serve as evidence of actual use in commerce when the email does not indicate whether Hudson actually offered or rendered services under the name "Nubank" or if any consumers came to recognize and associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

\* \* \*

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008. *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

\* \* \*

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 147

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On February 24, 2020, Mr. Hudson, using nubankguru@yahoo.com, informed Clare Olumeya that he already provided materials to set up the project. | Exhibit 8 at Hudson 0001310 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because merely "using nubankguru@yahoo.com" cannot serve as evidence of actual use of NUBANK as a trademark when the email does not indicate whether Hudson actually offered or rendered services under "Nubank" or if any consumers came to recognize and associate Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

\* \* \*

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008.  *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least

15 years since [Hudson] assisted in the formation of a bank, right? A: Correct.");
*id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under
Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15
years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to
the specific evidence being offered, namely, the email and the content therein. The
email speaks for itself.

\* \* \*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 148**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On August 4, 2020, Mr. Hudson, using nubankguru@yahoo.com, sent a message to one Lavania, at email address lavaniaxavier@gmail.com, offering him to be his contract worker and to do some local data work or translations. | Exhibit 8 at Hudson 0000827 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR
56.1(B)(2)(a)(2)(iii)] because merely "using nubankguru@yahoo.com" to send
messages unrelated to services that Hudson offered or rendered under the name
"Nubank" carries no weight as evidence of Hudson's purported actual use of
NUBANK as a trademark and has no bearing on consumer recognition and
association of Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising,
solicitation and ongoing use of "Nubank" and is clearly relevant.

\* \* \*

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on

the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008.  *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

* * *

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 149

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On August 11, 2020, Mr. Hudson, using nubankguru@yahoo.com, forwarded to Stacey Conti his exchange of messages with Tim Hyzdu. In the forwarded message, he stated that he had no intention of selling his domain name as it has too much value to him. | Exhibit 8 at Hudson 0001249 |

Plaintiff does not dispute this fact solely for purposes of summary judgement.

***

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 150

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|

| On August 11, 2020, Mr. Hudson, using nubankguru@yahoo.com, forwarded the LinkedIn message of Cristina Junqueira, to Stacey Conti. | Exhibit 8 at Hudson 0001264 |
| --- | --- |

Plaintiff does not dispute this fact solely for purposes of summary judgement.

\*\*\*

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 151

| Defendant's Fact | Evidence Cited by Defendant |
| --- | --- |
| On November 2, 2020, Sonia Blumberg and Mr. Hudson had exchanges of email communications about the plan to transfer of Nubank.com domain from AWS to WIX. | Exhibit 8 at Hudson 0002564 |

Plaintiff does not dispute this fact solely for purposes of summary judgement.

\*\*\*

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 152

| Defendant's Fact | Evidence Cited by Defendant |
| --- | --- |
| On November 3, 2020, Sonia Blumberg informed Mr. Hudson that he had nubank.com transferred over to WIX. | Exhibit 8 at Hudson 0002581 |

Plaintiff does not dispute this fact solely for purposes of summary judgement.

\*\*\*

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 153

| Defendant's Fact | Evidence Cited by Defendant |
| --- | --- |
| On November 4, 2020, Sonia Blumberg gave Mr. Hudson an update on his domain name bankalchemist. | Exhibit 8 at Hudson 0002630 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because "the domain name bankalchemist" has no bearing on any issue in this case.

**Defendant's Reply**: The "bankalchemist" is relevant, because Hudson used

that as his alternative LinkedIn profile, when Plaintiff hijacked his "nubank" branded LinkedIn account.

* * *

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 154**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On April 13, 2021, Mr. Hudson, using nubankguru@yahoo.com, asked Abdul Naushad to review the proposed documents he sent. | Exhibit 8 at Hudson 0001428 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the email does not show whether Hudson actually rendered any services under the name "Nubank" nor services as evidence that consumers actually came to recognize and/or associate Hudson's services with "Nubank." as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because merely "using nubankguru@yahoo.com" to send messages unrelated to services that Hudson offered or rendered under the name "Nubank" carries no weight as evidence of Hudson's purported actual use of NUBANK as a trademark and has no bearing on consumer recognition and association of Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

* * *

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008. *See* Ex. C,

Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

* * *

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 155

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On April 26, 2021, Mr. Hudson, using nubankguru@yahoo.com, informed Abdul Naushad that he is budgeting out the project and would send him the contract within the week. | Exhibit 8 at Hudson 0001817 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because merely "using nubankguru@yahoo.com" to send messages unrelated to services that Hudson offered or rendered under the name "Nubank" carries no weight as evidence of Hudson's purported actual use of NUBANK as a trademark and has no bearing on consumer recog [sic]

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

\* \* \*

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008. *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

\* \* \*

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 156

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| Around July 4, 2021, Hudson also paid for the renewal of the domain name nubank.net, which he has maintained for some time. | Exhibit 8 at Hudson 0000611 |

Plaintiff does not dispute this fact solely for purposes of summary judgement.

\*\*\*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 157**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On July 23, 2021, Mr. Hudson, using nubankguru@yahoo.com, gave Les his mailing address for the contract and payment, and gave instruction that the remittance be payable to George D. Hudson. | Exhibit 8 at Hudson 0001399 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because merely "using nubankguru@yahoo.com" to send messages unrelated to services that Hudson offered or rendered under the name "Nubank" carries no weight as evidence of Hudson's purported actual use of NUBANK as a trademark and has no bearing on consumer recognition and association of Hudson's services with "Nubank."

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

\* \* \*

**Plaintiff Challenges This Fact**: as being directly refuted by the evidence on the record to the extent it implies that Hudson actually marketed, entered into any contract, or provided any services under the name "Nubank" after 2008.  *See* Ex. C, Hudson Depo. Tr. at 40:3-8 78:7-13 (Hudson retired over 15 years ago); *id.* at 203:15-20 ("it would have been before 2010 . . . maybe 2005" since Hudson last rendered services under Nubank); *id.* 44:19-21 ("Q: You said it's been about at least 15 years since [Hudson] assisted in the formation of a bank, right? A: Correct."); *id.* at 76:1-4 (Hudson could not recall the last time he entered a contract under Nubank because it was "years ago [after he] retired"); *id.* at 71:14-16 ("closer to 15 years" since he put on a seminar for potential clients).

**Defendant's Reply**: The Plaintiff's challenge does not relate, in any way, to the specific evidence being offered, namely, the email and the content therein. The email speaks for itself.

\* \* \*

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 158

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| Nu Pagamentos is incorporated in Brazil. | Deposition of Alessandro Prado ("Prado Depo") Ex. 6 at 20:19-21:4. |

Plaintiff does not dispute this fact solely for purposes of summary judgement.

\*\*\*

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 159

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| Nu Pagamentos' business model is offering credit card, savings and loan products to persons with Brazilian tax identification numbers. | Prado Depo at 29:16-32:1. |

**Plaintiff Challenges This Fact:** as being unsupported by Defendant's citation [LR 56.1(B)(2)(a)(2)(iii)] because the portions of the transcript cited at 29:16-32:1 does not contain any references to "Nu Pagamentos' business model" and merely states (specifically, at 31:10-14) that if a "consumer has a tax registration in Brazil, they would be able to be clients of Nubank Group, and they would have access to a variety of products from the Brazilian entity." See also Ex. AK, NUBANK27265, Excerpts from Nu Holdings Form F-1 Statement at NUBANK27421 (indicating that Nu Pagamentos' business model is offering consumers various financial products and banking services, including digital deposit accounts, international credit and debit cards, personal loans, bill pay

services, and life insurance.)

**Defendant's Reply**: The transcript speaks for itself, but Defendant believes his summary of the same was well-founded.

\* \* \*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 160**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| Nu Pagamentos only issues credit cards in Brazil, Mexico and Columbia. | Prado Depo at 26:16-20. |

**Plaintiff Challenges This Fact:** as being unsupported by Defendant's citation [LR 56.1(B)(2)(a)(2)(iii)] because the portions of the transcript cited at 26:16-20 does not place an "only" limitation on Nu Pagamentos' services and merely states that "credit cards were issued in Brazil or in Mexico or in Columbia."

**Defendant's Reply**: The transcript speaks for itself, but Defendant believes his summary of the same is well-founded.

\* \* \*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 161**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| Nu Pagamentos is not licensed to offer Nubank branded credit cards or any bank product in the United States. | Velez Depo at 59:3-6. |

**Plaintiff Challenges This Fact:** as being unsupported by Defendant's citation [LR 56.1(B)(2)(a)(2)(iii)] because portions of the transcript cited at 59:3-6 only confirms that "Nu Pagamentos has no financial license in the United States."

**Defendant's Reply**: The transcript speaks for itself, but Defendant believes his summary of the same is well-founded.

* * *

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 162**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| Nu Pagamentos' use of "nubank" in the United States refers to people using a Nubank branded credit card, which they obtained in Brazil, for purchases in the United States. | Prado Dep. 40:12-42:8; 45:17-46:12. |

**Plaintiff Objects to This Fact:** to the extent the term "use" calls for a legal conclusion [FRE703].

**Defendant's Reply**: Defendant, respectfully, does not understand how the word "use" would suggest a legal question that must be interpreted by the Court.

* * *

**Plaintiff Challenges This Fact:** as being unsupported by Defendant's citation [LR 56.1(B)(2)(a)(2)(iii)] because the portions of the transcript cited at 40:12-42:8 only confirms that "first use of our credit card was at least as early as January 2018" and the portions of the transcript cited at 45:17-46:12 only states that "whenever a client use our credit card in the United States, it's the same credit card with the logo Nubank."

**Defendant's Reply**: The transcript speaks for itself, but Defendant believes his summary of the same is well-founded.

* * *

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 163**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| Plaintiff testified that its use of the name "nubank" in the United States was because its Brazilian clients were using their Nubank branded credit cards to purchase items in the United States or from businesses located in the United States in January of 2018. | Prado Depo 40:12-42:8; 45:17-46:12.; Velez Dep. at 59:7-14. |

**Plaintiff Objects to This Fact:** to the extent the term "use" calls for a legal conclusion [FRE703].

**Defendant's Reply**: Defendant, respectfully, does not understand how the word "use" would suggest a legal question that must be interpreted by the Court.

\* \* \*

**Plaintiff Challenges This Fact:** as being unsupported by Defendant's citation [LR 56.1(B)(2)(a)(2)(iii)] because the portions of the transcript cited at 40:12-42:8 only confirms that "first use of our credit card was at least as early as January 2018" and the portions of the transcript cited at 45:17-46:12 only states that "whenever a client use our credit card in the United States, it's the same credit card with the logo Nubank." Plaintiff further challenges this fact as being directly refuted by the evidence on the record. *See, e.g.,* Velez Depo. Tr. at 59:19-60:11 (clarifying that Nu Pagamentos' activities—not Nu Pagamentos' use of the mark—in the United States included the use of credit cards, software products, mobile applications, recruiting of employees in the US, investors based in the United States and the stock offering by Nu Holdings).

**Defendant's Reply**: The transcripts speaks for themselves, but Defendant believes his summary of the same is well-founded. Defendant agrees that Nu

Pagamentos has substantiality used the "Nubank" mark in the United States.

* * *

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 164

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| Plaintiff is not licensed to issue credit cards in the United States. | Velez Depo at 59:3-6 |

**Plaintiff Challenges This Fact:** as being unsupported by Defendant's citation [LR 56.1(B)(2)(a)(2)(iii)] because the portions of the transcript cited at 59:3-6 only confirms that "Nu Pagamentos has no financial license in the United States."

**Defendant's Reply**: The transcript speaks for itself, but Defendant believes his summary of the same is well-founded.

* * *

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 165

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| Plaintiff does not have a license to perform banking services in the United States. | Velez Depo 59:3-6 |

**Plaintiff Challenges This Fact:** as being unsupported by Defendant's citation [LR 56.1(B)(2)(a)(2)(iii)] because the portions of the transcript cited at 59:3-6 only confirms that "Nu Pagamentos has no financial license in the United States."

**Defendant's Reply**: The transcript speaks for itself, but Defendant believes his summary of the same is well-founded.

* * *

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 166**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| Plaintiff does not have a physical presence in the United States. | Velez Depo at 60:24-61:6. |

**Plaintiff Challenges This Fact:** as being unsupported by Defendant's citation [LR 56.1(B)(2)(a)(2)(iii)] because the portions of the transcript cited at 60:24-61:6 only confirms Nu Pagamentos does not have any physical storefronts in the United States. Plaintiff further disputes this fact as being directly refuted by the evidence on the record. *See* Velez Depo. Tr. at 61:9-13 (testifying that "subsidiaries of Nu Pagamentos have operations in the US, has an address in the US and there is -- the Nu Holdings group has office space in the US.")

**Defendant's Reply**: Defendant concedes that Nu Pagamentos has substantiality used the "Nubank" mark in the United States after Hudson's use, including use by Nu Pagamentos' subsidiaries. Defendant will also agree with the distinction between "storefront" and other physical presence.

\* \* \*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 167**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| Plaintiff, in its trademark application, indicated that its first use of the Nubank trademark in the United States was on 01/00/2018. | Dkt. 23-29 |

**Plaintiff Objects to This Fact:** to the extent supported by a citation to a pleading [LR 56.1(b)(1)(b)]. Plaintiff does not dispute this fact solely for purposes of summary judgement to the extent supported by other evidence on the record.

**Defendant's Reply**: The purported trademark is a matter of public record

and may be judicially noticed.

* * *

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 168**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| Cristina Junquiera admitted in her 2014 message to Hudson that she had "been getting a lot of questions down here regarding the content currently shown at your domain." | Deposition of Cristina Junquiera ("Junqueira Depo") Exhibit #6 127:2-12; 131:6-132:15 and Depo Exhibit 6 thereto. |

Plaintiff does not dispute his fact for purposes of summary judgement.

***

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 169**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| Junqueira further admitted that actual confusion was occurring as early as 2014, when she stated that she was "probably referring to just general confusion because, you know, at this time around people were starting to, like, get to know Nubank, like, our Nubank, and they would search online and they would find, like, this domain … And they would ask us, like, is this you? Like, is this your company?" | Junqueira Depo at 133:5-15. |

**Plaintiff Objects to This Fact:** to the extent the term "actual confusion" calls for a legal conclusion [FRE703].

**Defendant's Reply**: Defendant believes that the term "actual confusion" has plain meaning for purposes of this fact.

* * *

**Plaintiff Challenges This Fact:** as being unsupported by Defendant's citation [LR 56.1(B)(2)(a)(2)(iii)] because nothing in quoted portion of the

transcript at 133:5-15 indicates "Junqueira admitted that actual confusion was occurring as early as 2014."

**Defendant's Reply**: The transcript speaks for itself, but Defendant believes his summary of the same is well-founded.

* * *

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 170

| Defendant's Fact | Evidence Cited by Defendant |
| --- | --- |
| In June of 2014, David Velez and another member of management had a conversation via Slack about Hudson and his LinkedIn page. | Exhibit 12 at NUBANK0032188 (full document filed under seal, but confidentiality designation has been challenged) |

Plaintiff does not dispute this fact solely for purposes of summary judgement.

***

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 171

| Defendant's Fact | Evidence Cited by Defendant |
| --- | --- |
| In June of 2014, the Nu Pagamentos LinkedIn account was created. | Exhibit 12 at NUBANK0032188 (full document filed under seal, but confidentiality designation has been challenged) |

**Plaintiff Challenges This Fact:** as being unsupported by Defendant's citation [LR 56.1(B)(2)(a)(2)(iii)] because NUBANK0032526 does not discuss press coverage, but rather website traffic.

**Defendant's Reply**: The noted citation unequivocally refers to a conversation about the LinkedIn accounts of *both* Hudson and Nu Pagamentos.

* * *

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 172**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| In 2020, Junqueira discussed some recent press coverage of Nu Pagamentos. | Exhibit 12 at NUBANK0032526 (full document filed under seal, but confidentiality designation has been challenged) |

Plaintiff does not dispute this fact solely for purposes of summary judgement.

\*\*\*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 173**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| In June 2014, a Nu Pagamentos executive raised a question about the Nubank name. | Exhibit 12 at NUBANK0032180 (full document filed under seal, but confidentiality designation has been challenged) |

Plaintiff does not dispute this fact solely for purposes of summary judgement.

\*\*\*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 174**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| David Velez responded the same day, addressing the question raised about the Nubank name. | Exhibit 12 at NUBANK0032180 (full document filed under seal, but confidentiality designation has been challenged) |

Plaintiff does not dispute this fact solely for purposes of summary judgement.

\* \* \*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 175**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| In June of 2014, Junqueira and Velez continued to discuss the Nu Pagamentos LinkedIn page. | Exhibit 12 at NUBANK0032180 (full document filed under seal, but confidentiality designation has been challenged) |

Plaintiff does not dispute this fact solely for purposes of summary judgement.

\* \* \*

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 176

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| In June of 2014, Junqueira announced the Nu Pagamentos LinkedIn page. | Exhibit 12 at NUBANK0032178 (full document filed under seal, but confidentiality designation has been challenged) |

**Plaintiff Challenges This Fact:** as being unsupported by Defendant's citation [LR 56.1(B)(2)(a)(2)(iii)] because NUBANK0032178 includes a discussion of the company's job postings on LinkedIn but does not serve as any type of "announcement."

**Defendant's Reply**: The noted citation unequivocally refers to Junqueira's making an announcement about the LinkedIn page (at the very top of the page).

\* \* \*

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 177

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| In June 2014, Junqueira discussed the Nu Pagamentos LinkedIn page as compared to the Hudson LinkedIn Page. | Exhibit 12 at NUBANK0032178 (full document filed under seal, but confidentiality designation has been challenged) |

Plaintiff does not dispute this fact solely for purposes of summary judgement.

\*\*\*

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 178

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| In their internal communications, Velez made a statement about Mr. Hudson. | Exhibit 12 at NUBANK0032174 (full document filed under seal, but confidentiality designation has been challenged) |

Plaintiff does not dispute this fact solely for purposes of summary judgement.

***

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 179

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| During his deposition, Hudson agreed that "people … confuse" "My Nubank, their Nubank." | Exhibit 1, Hudson Depo at 256:6-16. |

**Plaintiff Objects to This Fact:** as speculation [FRE701], as hearsay [FRE801], and to the extent "confuse" calls for a legal conclusion [FRE703].

Defendant's Reply: Hudson's testimony is his personal knowledge. The transcript speaks for itself. The word "confuse" does not require legal interpretation.

* * *

**Plaintiff Challenges This Fact:** as being unsupported by Defendant's citation [LR 56.1(B)(2)(a)(2)(iii)] because the portion of the transcript at 256:6-16 only confirms that "others like Renata reached out to [Hudson] thinking that they were reaching out to Nu Pagamentos" (as opposed to confusion in reverse).

Defendant's Reply: The transcript speaks for itself and demonstrates the confusion to which Hudson referred.

* * *

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 180**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On September 3, 2021, an individual named Antonio, using a Gmail address, sent an email to Hudson at his nubankguru@yahoo.com address. Antonio initially wrote in Portuguese, then wrote in English. Antonio was concerned that he "put my August salary in nubank, I just didn't expect my account to be blocked." | Exhibit 9 at 1-2 (Hudson 47929, 47928) |

**Plaintiff Objects to This Fact:** as lacking foundation [FRE901] because the evidence cited is unauthenticated, was produced after the close of discovery despite the Court's warning that "if there's something that has not been disclosed and identified as evidence . . . you're not going to be able to use that at trial" (*see* March 2, 2022 Court Hearing Transcript at 11:12-16), and was not produced with a certified English translation.

**Defendant's Reply**: Hudson testified that emails he received and produced in discovery are authentic. *See* Dkt. #100-14. Next, Plaintiff's counsel has noted that they have records of most of the individuals referenced. *See* Exhibit #1, McLaughlin Email. Moreover, the Court recently ruled that the Defendant could seek deposition testimony of these individuals. *See* Dkt. #122 at 3. To date, Plaintiff has refused to turn over documents requested, which has prejudiced Defendant. *See* Exhibit #1. There is prejudice to a moving party where a party's failure to produce documents has impeded the party's ability to prepare effectively a full and complete trial strategy. See *Schindler Elevator Corp. v. Otis Elevator Co.* 2011 U.S. Dist. LEXIS 116883, at *34 (D.N.J. Mar. 24, 2011) (*citing Ware v.*

*Rodale Press, Inc.*, 322 F.3d 218, 219 (3d Cir. 2003).

\* \* \*

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 181

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On March 19, 2022, an individual named Lucimar, using a Gmail address, sent an email to Hudson at his nubankguru@yahoo.com address, in Portuguese. Loosely translated, this individual had a "need to recover my nubank account because I can't access it." | Exhibit 9 at 3-4 (Hudson 47689, 47702) |

**Plaintiff Objects to This Fact:** as lacking foundation [FRE901] because the evidence cited is unauthenticated, was produced after the close of discovery despite the Court's warning that "if there's something that has not been disclosed and identified as evidence . . . you're not going to be able to use that at trial" (*see* March 2, 2022 Court Hearing Transcript at 11:12-16), and was not produced with a certified English translation.

**Defendant's Reply**: Hudson testified that emails he received and produced in discovery are authentic. *See* Dkt. #100-14. Next, Plaintiff's counsel has noted that they have records of most of the individuals referenced. *See* Exhibit #1, McLaughlin Email. Moreover, the Court recently ruled that the Defendant could seek deposition testimony of these individuals. *See* Dkt. #122 at 3. To date, Plaintiff has refused to turn over documents requested, which has prejudiced Defendant. *See* Exhibit #1. There is prejudice to a moving party where a party's failure to produce documents has impeded the party's ability to prepare effectively a full and complete trial strategy. See *Schindler Elevator Corp. v. Otis Elevator*

*Co.* 2011 U.S. Dist. LEXIS 116883, at \*34 (D.N.J. Mar. 24, 2011) (*citing Ware v. Rodale Press, Inc.*, 322 F.3d 218, 219 (3d Cir. 2003).

\* \* \*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 182**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On March 31, 2022, an individual named Josa, using a Gmail address, sent an email to Hudson at his nubankguru@yahoo.com address. Josa wrote in Portuguese, "Cartão" or "Card." | Exhibit 9 at 5-6 (Hudson 47934, 47935) |

**Plaintiff Objects to This Fact:** as lacking foundation [FRE901] because the evidence cited is unauthenticated, was produced after the close of discovery despite the Court's warning that "if there's something that has not been disclosed and identified as evidence . . . you're not going to be able to use that at trial" (see March 2, 2022 Court Hearing Transcript at 11:12-16), and was not produced with a certified English translation.

**Defendant's Reply**: Hudson testified that emails he received and produced in discovery are authentic. *See* Dkt. #100-14. Next, Plaintiff's counsel has noted that they have records of most of the individuals referenced. *See* Exhibit #1, McLaughlin Email. Moreover, the Court recently ruled that the Defendant could seek deposition testimony of these individuals. *See* Dkt. #122 at 3. To date, Plaintiff has refused to turn over documents requested, which has prejudiced Defendant. *See* Exhibit #1. There is prejudice to a moving party where a party's failure to produce documents has impeded the party's ability to prepare effectively a full and complete trial strategy. See *Schindler Elevator Corp. v. Otis Elevator Co.* 2011 U.S. Dist. LEXIS 116883, at \*34 (D.N.J. Mar. 24, 2011) (*citing Ware v.*

*Rodale Press, Inc.*, 322 F.3d 218, 219 (3d Cir. 2003).

\* \* \*

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 183

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On March 31, 2022, an individual named Weslley, using a Gmail address, sent an email to Hudson at his nubankguru@yahoo.com address. Weslley wrote in Portuguese "Quero pedir urn cartão nubank" which is loosely translated to "I want to order a nubank card" | Exhibit 9 at 7-8 (Hudson 47712, 47711) |

**Plaintiff Objects to This Fact:** as lacking foundation [FRE901] because the evidence cited is unauthenticated, was produced after the close of discovery despite the Court's warning that "if there's something that has not been disclosed and identified as evidence . . . you're not going to be able to use that at trial" (see March 2, 2022 Court Hearing Transcript at 11:12-16), and was not produced with a certified English translation.

**Defendant's Reply**: Hudson testified that emails he received and produced in discovery are authentic. *See* Dkt. #100-14. Next, Plaintiff's counsel has noted that they have records of most of the individuals referenced. *See* Exhibit #1, McLaughlin Email. Moreover, the Court recently ruled that the Defendant could seek deposition testimony of these individuals. *See* Dkt. #122 at 3. To date, Plaintiff has refused to turn over documents requested, which has prejudiced Defendant. *See* Exhibit #1. There is prejudice to a moving party where a party's failure to produce documents has impeded the party's ability to prepare effectively a full and complete trial strategy. See *Schindler Elevator Corp. v. Otis Elevator*

*Co.* 2011 U.S. Dist. LEXIS 116883, at *34 (D.N.J. Mar. 24, 2011) (*citing Ware v. Rodale Press, Inc.*, 322 F.3d 218, 219 (3d Cir. 2003).

\* \* \*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 184**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On August 2, 2022, an individual named Jedean, using a Gmail address, sent an email to Hudson at his nubankguru@yahoo.com address. Jedean wrote in Portuguese "Olá amigo qual seu contato," which is loosely translated to "Hi friend, what's your contact?" | Exhibit 9 at 9-10 (Hudson 47932, 47933) |

**Plaintiff Objects to This Fact:** as lacking foundation [FRE901] because the evidence cited is unauthenticated, was produced after the close of discovery despite the Court's warning that "if there's something that has not been disclosed and identified as evidence . . . you're not going to be able to use that at trial" (see March 2, 2022 Court Hearing Transcript at 11:12-16), and was not produced with a certified English translation.

**Defendant's Reply**: Hudson testified that emails he received and produced in discovery are authentic. *See* Dkt. #100-14. Next, Plaintiff's counsel has noted that they have records of most of the individuals referenced. *See* Exhibit #1, McLaughlin Email. Moreover, the Court recently ruled that the Defendant could seek deposition testimony of these individuals. *See* Dkt. #122 at 3. To date, Plaintiff has refused to turn over documents requested, which has prejudiced Defendant. *See* Exhibit #1. There is prejudice to a moving party where a party's failure to produce documents has impeded the party's ability to prepare effectively a full and complete trial strategy. See *Schindler Elevator Corp. v. Otis Elevator*

*Co.* 2011 U.S. Dist. LEXIS 116883, at *34 (D.N.J. Mar. 24, 2011) (*citing Ware v. Rodale Press, Inc.*, 322 F.3d 218, 219 (3d Cir. 2003).

\* \* \*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 185**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On August 15, 2022, an individual named Ronan, using an Outlook address, sent an email to Hudson at his nubankguru@yahoo.com address. Ronan wrote in Portuguese "Eu nao consigo pagar minha fatura só vem com A data de de vencimento o boleto" which is loosely translated to "I can't pay my bill, it only comes with the billing due date." | Exhibit 9 at 11-12 (Hudson 47937, 47938) |

    **Plaintiff Objects to This Fact:** as lacking foundation [FRE901] because the evidence cited is unauthenticated, was produced after the close of discovery despite the Court's warning that "if there's something that has not been disclosed and identified as evidence . . . you're not going to be able to use that at trial" (see March 2, 2022 Court Hearing Transcript at 11:12-16), and was not produced with a certified English translation.

    **Defendant's Reply**: Hudson testified that emails he received and produced in discovery are authentic. *See* Dkt. #100-14. Next, Plaintiff's counsel has noted that they have records of most of the individuals referenced. *See* Exhibit #1, McLaughlin Email. Moreover, the Court recently ruled that the Defendant could seek deposition testimony of these individuals. *See* Dkt. #122 at 3. To date, Plaintiff has refused to turn over documents requested, which has prejudiced Defendant. *See* Exhibit #1. There is prejudice to a moving party where a party's

failure to produce documents has impeded the party's ability to prepare effectively a full and complete trial strategy. See *Schindler Elevator Corp. v. Otis Elevator Co.* 2011 U.S. Dist. LEXIS 116883, at *34 (D.N.J. Mar. 24, 2011) (*citing Ware v. Rodale Press, Inc.*, 322 F.3d 218, 219 (3d Cir. 2003).

* * *

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 186**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On September 7, 2022, an individual named Vitoria, using a Gmail address, sent an email to Hudson at his nubankguru@yahoo.com address. Vitoria wrote in Portuguese "Quero fazer uma conta" which is loosely translated to "I want to make an account" | Exhibit 9 at 17-18 (Hudson 47941, 47942) |

**Plaintiff Objects to This Fact:** as lacking foundation [FRE901] because the evidence cited is unauthenticated, was produced after the close of discovery despite the Court's warning that "if there's something that has not been disclosed and identified as evidence . . . you're not going to be able to use that at trial" (see March 2, 2022 Court Hearing Transcript at 11:12-16), and was not produced with a certified English translation.

**Defendant's Reply**: Hudson testified that emails he received and produced in discovery are authentic. *See* Dkt. #100-14. Next, Plaintiff's counsel has noted that they have records of most of the individuals referenced. *See* Exhibit #1, McLaughlin Email. Moreover, the Court recently ruled that the Defendant could seek deposition testimony of these individuals. *See* Dkt. #122 at 3. To date, Plaintiff has refused to turn over documents requested, which has prejudiced Defendant. *See* Exhibit #1. There is prejudice to a moving party where a party's

failure to produce documents has impeded the party's ability to prepare effectively a full and complete trial strategy. See *Schindler Elevator Corp. v. Otis Elevator Co.* 2011 U.S. Dist. LEXIS 116883, at *34 (D.N.J. Mar. 24, 2011) (*citing Ware v. Rodale Press, Inc.*, 322 F.3d 218, 219 (3d Cir. 2003).

\* \* \*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 187**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On September 25, 2022, an individual named Edilza, using a Gmail address, sent an email to Hudson at his nubankguru@yahoo.com address. Edilza wrote in Portuguese "Por que não tá, prestando" which is loosely translated to "Why aren't you paying" | Exhibit 9 at 13-14 (Hudson 47930, 47931) |

**Plaintiff Objects to This Fact:** as lacking foundation [FRE901] because the evidence cited is unauthenticated, was produced after the close of discovery despite the Court's warning that "if there's something that has not been disclosed and identified as evidence . . . you're not going to be able to use that at trial" (see March 2, 2022 Court Hearing Transcript at 11:12-16), and was not produced with a certified English translation.

**Defendant's Reply**: Hudson testified that emails he received and produced in discovery are authentic. *See* Dkt. #100-14. Next, Plaintiff's counsel has noted that they have records of most of the individuals referenced. *See* Exhibit #1, McLaughlin Email. Moreover, the Court recently ruled that the Defendant could seek deposition testimony of these individuals. *See* Dkt. #122 at 3. To date, Plaintiff has refused to turn over documents requested, which has prejudiced Defendant. *See* Exhibit #1. There is prejudice to a moving party where a party's

failure to produce documents has impeded the party's ability to prepare effectively a full and complete trial strategy. See *Schindler Elevator Corp. v. Otis Elevator Co.* 2011 U.S. Dist. LEXIS 116883, at *34 (D.N.J. Mar. 24, 2011) (*citing Ware v. Rodale Press, Inc.*, 322 F.3d 218, 219 (3d Cir. 2003).

* * *

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 188**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On October 5, 2022, an individual named Andre, using a Gmail address, sent an email to Hudson at his nubankguru@yahoo.com address. Andre wrote in Portuguese "Não estou conseguindo acessar minha conta" which is loosely translated to "I am not able to access my account" | Exhibit 9 at 15-16 (Hudson 47939, 47940) |

**Plaintiff Objects to This Fact:** as lacking foundation [FRE901] because the evidence cited is unauthenticated, was produced after the close of discovery despite the Court's warning that "if there's something that has not been disclosed and identified as evidence . . . you're not going to be able to use that at trial" (see March 2, 2022 Court Hearing Transcript at 11:12-16), and was not produced with a certified English translation.

**Defendant's Reply**: Hudson testified that emails he received and produced in discovery are authentic. *See* Dkt. #100-14. Next, Plaintiff's counsel has noted that they have records of most of the individuals referenced. *See* Exhibit #1, McLaughlin Email. Moreover, the Court recently ruled that the Defendant could seek deposition testimony of these individuals. *See* Dkt. #122 at 3. To date, Plaintiff has refused to turn over documents requested, which has prejudiced

Defendant. *See* Exhibit #1. There is prejudice to a moving party where a party's failure to produce documents has impeded the party's ability to prepare effectively a full and complete trial strategy. See *Schindler Elevator Corp. v. Otis Elevator Co.* 2011 U.S. Dist. LEXIS 116883, at *34 (D.N.J. Mar. 24, 2011) (*citing Ware v. Rodale Press, Inc.*, 322 F.3d 218, 219 (3d Cir. 2003).

\* \* \*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 189**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On February 10, 2022, an individual named Paloma, using an Outlook address, sent an email to Hudson at his nubankguru@yahoo.com address. Paloma wrote in Portuguese "Gostaria da oportunidade de retornar a ser cliente nubank , eu tive um imprevisto e não paguei em dias , mas depois me organizando puder pagar toda a dívida" which is loosely translated to "I would like the opportunity to return to being a nubank customer, I had an unforeseen event and I did not pay within days, but after organizing myself I can pay all the debt" | Exhibit 9 at 19-20 (Hudson 47687, 47685) |

**Plaintiff Objects to This Fact:** as lacking foundation [FRE901] because the evidence cited is unauthenticated, was produced after the close of discovery despite the Court's warning that "if there's something that has not been disclosed and identified as evidence . . . you're not going to be able to use that at trial" (see March 2, 2022 Court Hearing Transcript at 11:12-16), and was not produced with a certified English translation.

**Defendant's Reply**: Hudson testified that emails he received and produced in discovery are authentic. *See* Dkt. #100-14. Next, Plaintiff's counsel has noted

that they have records of most of the individuals referenced. *See* Exhibit #1, McLaughlin Email. Moreover, the Court recently ruled that the Defendant could seek deposition testimony of these individuals. *See* Dkt. #122 at 3. To date, Plaintiff has refused to turn over documents requested, which has prejudiced Defendant. *See* Exhibit #1. There is prejudice to a moving party where a party's failure to produce documents has impeded the party's ability to prepare effectively a full and complete trial strategy. See *Schindler Elevator Corp. v. Otis Elevator Co.* 2011 U.S. Dist. LEXIS 116883, at *34 (D.N.J. Mar. 24, 2011) (*citing Ware v. Rodale Press, Inc.*, 322 F.3d 218, 219 (3d Cir. 2003).

\* \* \*

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 190

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On February 20, 2022, an individual named Carlos, using a Gmail address, sent an email to Hudson at his nubankguru@yahoo.com address. Carlos wrote in Portuguese "Información para préstamo" which is loosely translated as "Information for loan" | Exhibit 9 at 21-22 (Hudson 47688) |

**Plaintiff Objects to This Fact:** as lacking foundation [FRE901] because the evidence cited is unauthenticated, was produced after the close of discovery despite the Court's warning that "if there's something that has not been disclosed and identified as evidence . . . you're not going to be able to use that at trial" (see March 2, 2022 Court Hearing Transcript at 11:12-16), and was not produced with a certified English translation.

**Defendant's Reply**: Hudson testified that emails he received and produced in discovery are authentic. *See* Dkt. #100-14. Next, Plaintiff's counsel has noted

that they have records of most of the individuals referenced. *See* Exhibit #1, McLaughlin Email. Moreover, the Court recently ruled that the Defendant could seek deposition testimony of these individuals. *See* Dkt. #122 at 3. To date, Plaintiff has refused to turn over documents requested, which has prejudiced Defendant. *See* Exhibit #1. There is prejudice to a moving party where a party's failure to produce documents has impeded the party's ability to prepare effectively a full and complete trial strategy. See *Schindler Elevator Corp. v. Otis Elevator Co.* 2011 U.S. Dist. LEXIS 116883, at *34 (D.N.J. Mar. 24, 2011) (*citing Ware v. Rodale Press, Inc.*, 322 F.3d 218, 219 (3d Cir. 2003).

\* \* \*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 191**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| On March 15, 2022, an individual named Tomas, using a Gmail account, sent an email to Hudson at his nubankguru@yahoo.com address. Tomas wrote in Portuguese "Boa tarde ,pesso pra k me ajudem a criar conta nubank i conectar a minha conta bancária ,abrindo chave pix" which is lossely translated to "Good afternoon, I ask you to help me create a nubank account and connect my bank account, opening a pix key" | Exhibit 9 at 23-24 (Hudson 47682, 47683) |

**Plaintiff Objects to This Fact:** as lacking foundation [FRE901] because the evidence cited is unauthenticated, was produced after the close of discovery despite the Court's warning that "if there's something that has not been disclosed and identified as evidence . . . you're not going to be able to use that at trial" (see March 2, 2022 Court Hearing Transcript at 11:12-16), and was not produced with a

certified English translation.

**Defendant's Reply**: Hudson testified that emails he received and produced in discovery are authentic. *See* Dkt. #100-14. Next, Plaintiff's counsel has noted that they have records of most of the individuals referenced. *See* Exhibit #1, McLaughlin Email. Moreover, the Court recently ruled that the Defendant could seek deposition testimony of these individuals. *See* Dkt. #122 at 3. To date, Plaintiff has refused to turn over documents requested, which has prejudiced Defendant. *See* Exhibit #1. There is prejudice to a moving party where a party's failure to produce documents has impeded the party's ability to prepare effectively a full and complete trial strategy. See *Schindler Elevator Corp. v. Otis Elevator Co.* 2011 U.S. Dist. LEXIS 116883, at *34 (D.N.J. Mar. 24, 2011) (*citing Ware v. Rodale Press, Inc.*, 322 F.3d 218, 219 (3d Cir. 2003).

\* \* \*

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 192

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| Hudson is the owner of a trademark registration for "Nubank" from the Georgia Secretary of State. The registration number is S-31208. | Exhibit 14 |

**Plaintiff Objects to This Fact:** as the evidence cited in support was produced by Defendant after the close of discovery despite the Court's warning that "if there's something that has not been disclosed and identified as evidence . . . you're not going to be able to use that at trial." *See* March 2, 2022 Court Hearing Transcript at 11:12-16. Plaintiff further objects to this fact as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the fact Hudson applied for

trademark registration number S-31208 from the Georgia Secretary of State after the filing date of this Action has no bearing on his claim of establishing common law rights through use of "Nubank" *before April 4, 2016*, the nationwide priority date of Nu Pagamentos' federal registration of the NUBANK Mark under U.S. Trademark Reg. No. 6,297,728 under 15 U.S.C. § 1057.

**Defendant's Reply**: Hudson's Georgia Trademark Registration is public record, is bearing a seal, and is a bona fide demonstration of Hudson's priority and rights in Nubank. *See* FRE 902.

\* \* \*

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 193

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| Hudson's Georgia trademark registration recognizes that Hudson has been using "Nubank" in "financial" services since 1979. | Exhibit 14 |

**Plaintiff Objects to This Fact:** as the evidence cited in support was produced by Defendant after the close of discovery despite the Court's warning that "if there's something that has not been disclosed and identified as evidence . . . you're not going to be able to use that at trial." *See* March 2, 2022 Court Hearing Transcript at 11:12-16. Plaintiff further objects to this fact as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the fact Hudson applied for trademark registration number S-31208 from the Georgia Secretary of State after the filing date of this Action has no bearing on his claim of establishing common law rights through use of "Nubank" *before April 4, 2016*, the nationwide priority date of Nu Pagamentos' federal registration of the NUBANK Mark under U.S. Trademark Reg. No. 6,297,728 under 15 U.S.C. § 1057.

**Defendant's Reply**: Hudson's Georgia Trademark Registration is public record, is bearing a seal, and is a bona fide demonstration of Hudson's priority and rights in Nubank. *See* FRE 902.

\* \* \*

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 194

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| Hudson's Georgia trademark registration identifies Hudson as providing "Providing financial consultation services to people and businesses, providing banking information, financial information and consultancy services, financial consultancy, financial advice, financial consulting, financial planning, financial valuations, financial consultation, financial forecasting, financial analyses, financial research, financial information." | Exhibit 14 |

**Plaintiff Objects to This Fact:** as the evidence cited in support was produced by Defendant after the close of discovery despite the Court's warning that "if there's something that has not been disclosed and identified as evidence . . . you're not going to be able to use that at trial." *See* March 2, 2022 Court Hearing Transcript at 11:12-16. Plaintiff further objects to this fact as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because the fact Hudson applied for trademark registration number S-31208 from the Georgia Secretary of State after the filing date of this Action has no bearing on his claim of establishing common law rights through use of "Nubank" *before April 4, 2016*, the nationwide priority date of Nu Pagamentos' federal registration of the NUBANK Mark under U.S. Trademark Reg. No. 6,297,728 under 15 U.S.C. § 1057.

**Defendant's Reply**: Hudson's Georgia Trademark Registration is public record, is bearing a seal, and is a bona fide demonstration of Hudson's priority and rights in Nubank. *See* FRE 902.

\* \* \*

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 195

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| Hudson recently signed a consulting client, in August of 2021. The contract refers to Hudson as "Dan Hudson dba Nubank" and calls for a specific fee for the consulting services | Exhibit 11 at Hudson 1762-1763 (filed under seal) |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because even if Hudson actually signed a client under a Nubank contract in August of 2021—which Plaintiff does not concede— that fact has no bearing on whether Hudson used "Nubank" continuously in commerce at least from 2008-2019, nor does it have any bearing on Hudson's intent to resume use after abandonment, which ***must be formulated during the three-year period of nonuse, not afterward***. *See, e.g., ITC Ltd. v. Punchgini, Inc.*, 482 F.3d 135, 149 (2d Cir. 2007) ("An intent to resume use of the mark formulated after more than three years of nonuse cannot be invoked to dislodge the rights of another party who has commenced use of a mark—thereby acquiring priority rights in that mark— after three years of nonuse.").

**Defendant's Reply**: The email at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant.

\* \* \*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 196**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| In addition to the contract, Hudson produced evidence that the client referenced in "Hudson 47682" made a payment of half of the fee to Hudson's bank account. Such amount was deposited on August 23, 2021. | Exhibit 11 at Hudson 47697-47698 (filed under seal) |

**Plaintiff Objects to This Fact:** as lacking foundation [FRE901] because the evidence cited is unauthenticated; the bates numbered documents at HUDSON47697-47698 have never been produced by Defendant despite the Court's warning that "if there's something that has not been disclosed and identified as evidence . . . you're not going to be able to use that at trial" (see March 2, 2022 Court Hearing Transcript at 11:12-16); and Exhibit 11 to Defendant's Motion for Summary Judgement was not provided in unredacted form. Plaintiff further objects to this fact as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because even if made a payment for Hudson's services that was deposited on August 23, 2021—which Plaintiff does not concede—that fact has no bearing on whether Hudson used "Nubank" continuously in commerce at least from 2008-2019, nor does it have any bearing on Hudson's intent to resume use after abandonment, which ***must be formulated during the three-year period of nonuse, not afterward****. See, e.g., ITC Ltd. v. Punchgini, Inc.*, 482 F.3d 135, 149 (2d Cir. 2007) ("An intent to resume use of the mark formulated after more than three years of nonuse cannot be invoked to dislodge the rights of another party who has commenced use of a mark—thereby acquiring priority rights in that mark—after three years of nonuse

**Defendant's Reply**: First, the documents were produced to Plaintiff months

ago. The document at issue demonstrates Hudson's advertising, solicitation and ongoing use of "Nubank" and is clearly relevant. The suggestion that the document, directly from Defendant's records, is "unauthenticated" is difficult to take seriously.

* * *

**<u>Plaintiff Challenges This Fact:</u>** as being unsupported by Defendant's citation and as being directly refuted by the evidence on the record because rather than a payment, Exhibit 11 merely shows a deposit of $9,000.00 from an unidentified source for unidentified purposes. Based on the information in Exhibit 11—or rather, lack thereof—it is equally as likely that the deposit of $9,000.00 was a check for lottery winnings.

**<u>Defendant's Reply</u>**: Defendant produced the document, the amount deposited is the amount called for in the contract, and the payment was made contemporaneously with the contract's date. Defendant's "challenge" on this fact is difficult to take seriously, without any evidence to the contrary, is difficult to take seriously.

* * *

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 197**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| Hudson has also produced numerous other "summary" style internal documents that report on sales and invoices issued from 2003-2007. The invoices are rife with reference to "Nubank" including "www.nubank.com" at the top of some pages, and numerous email addresses that use "@nubank.com" email addresses, which Hudson assigned by way of his ownership of the nubank.com domain name. | Exhibit 10 (filed under seal) |

**Plaintiff Objects to This Fact:** as being incomplete and out of context [FRE106] and as not being supported by Defendant's citation [LR 56.1(B)(2)(a)(2)(iii)] because Exhibit 10 contains *only* spreadsheets titled "Bankmark Billings," invoices *only* for "Bankmark Fees," and memos regarding client budgets/payments written *only* on BANKMARK letterhead.

**Defendant's Reply**: The Plaintiff's suggestion that there is no indication of "Nubank" on these documents, is completely, unabashedly, unequivocally **false**. There is nothing "out of context" about Defendant's fact. Not liking a material fact is not reason to falsely state that the references to "Nubank" in these documents are numerous, which they are.

\* \* \*

**Plaintiff Challenges This Fact:** as being unsupported by Defendant's citation and as being directly refuted by the evidence on the record because, aside from the nubank.com website and email address, Exhibit 10 is completely devoid of any reference to "Nubank" whatsoever compared to 237 instances of Bankmark" appearing prominently in the title and letterhead of documents.

**Defendant's Reply**: The Plaintiff's suggestion that there is no indication of "Nubank" on these documents, is completely, unabashedly, unequivocally **false**. There is nothing "out of context" about Defendant's fact. Not liking a material fact is not reason to falsely state that the references to "Nubank" in these documents are numerous, which they are.

\* \* \*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 198**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| Hudson has also produced hundreds of invoices, that demand payment to "Dan Hudson" and contain bank account information for Mr. Hudson. Virtually all of the hundreds of invoices contain reference to "www.nubank.com" or contain an email address that uses "@nubank.com" which Hudson controlled by way of his ownership of the nubank.com domain name. | Exhibit 11 |

**Plaintiff Objects to This Fact:** as being incomplete and out of context [FRE106].

**Defendant's Reply**: The Plaintiff's suggestion that there is no indication of "Nubank" on these documents, is completely, unabashedly, unequivocally **false**. There is nothing "out of context" about Defendant's fact. Not liking a material fact is not reason to falsely state that the references to "Nubank" in these documents are numerous, which they are.

\* \* \*

**Plaintiff Challenges This Fact:** as being unsupported by Defendant's citation [LR 56.1(B)(2)(a)(2)(iii)] and as being directly refuted by the evidence on

the record because every single document in Exhibit 11 was either written on BANKMARK letterhead, expressly indicates that Hudson was "doing business as Bankmark," and/or was signed by Hudson as "Bankmark / Dan Hudson," including all 331 invoices included as part of Exhibit 11. *See also* Ex. M, HUDSON28205, Bankmark Invoice dated September 19th, 2007 (one example out of **783 invoices** produced by Hudson—which includes the 331 invoices attached within Exhibit 11 to Defendant's Motion for Summary Judgement—that each contain the same instruction to: "**Make Payable to: 'Dan Hudson or Bankmark' -** *MUST USE EXACT PHRASE*!") (emphasis in original); Ex. N, Zhai Decl. at ¶ 2 (listing the bates numbers of all Bankmark Invoices produced that include the same instructions).

**Defendant's Reply**: The Plaintiff's suggestion that there is no indication of "Nubank" on these documents, is completely, unabashedly, unequivocally **false**.

\* \* \*

## DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 199

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| The billings demonstrate the nationwide reach of Hudson's business. Hudson had clients in, among other places, Burbank, CA, Phoenix, AZ, Denver, CO, Danville, KY, Norman, OK, Las Vegas, NV, Grand Rapids, MI, St. George, UT, Houston, TX, Yonkers, NY, College Station, TX, Newport News, VA, Newburgh, NY, O'Fallon, MO, Ada, MI, Bedford, NH, and more. | Exhibit 10, Exhibit 11 (filed under seal) |

**Plaintiff Objects to This Fact:** as being incomplete and out of context [FRE106] because even if the "billings demonstrate the nationwide reach of

Hudson's business," Exhibit 10 and Exhibit 11 only contain references to Hudson's business under the name "Bankmark" not "Nubank."

**Defendant's Reply**: The Plaintiff's suggestion that there is no indication of "Nubank" on these documents, is completely, unabashedly, unequivocally **false**.

\* \* \*

**Plaintiff Challenges This Fact:** as not being supported by Defendant's citation [LR 56.1(B)(2)(a)(2)(iii)] because Exhibit 10 contains *only* spreadsheets titled "Bankmark Billings," invoices *only* for "Bankmark Fees," and memos regarding client budgets/payments written *only* on BANKMARK letterhead; and every single document in Exhibit 11 was either written on BANKMARK letterhead, expressly indicates that Hudson was "doing business as Bankmark," and/or was signed by Hudson as "Bankmark / Dan Hudson," including all 331 invoices included as part of Exhibit 11.

**Defendant's Reply**: The Plaintiff's suggestion that there is no indication of "Nubank" on these documents, is completely, unabashedly, unequivocally **false**.

\* \* \*

**DEFENDANT'S REPLY TO DEFENDANT'S FACT NO. 200**

| Defendant's Fact | Evidence Cited by Defendant |
|---|---|
| In addition to the internal records, there are at least some public records of Nubank's sales in the public record. For example, Grand River Commerce, a customer of Hudson/Nubank, stated in an August 14, 2008 filing with the SEC that "the Company has entered into an agreement with Nubank doing business as Bankmark, to obtain consulting services." | Exhibit 15 at 12 |

**Plaintiff Objects to This Fact:** as irrelevant [FRE401] and immaterial [LR 56.1(B)(2)(a)(2)(iii)] because even if Hudson entered "an agreement with Nubank ***doing business as Bankmark***," the use of a different name has no bearing on actual use of **"**Nubank" by itself. *See, e.g., Nexsan Techs., Inc. v. EMC Corp*., 260 F. Supp. 3d 68, 77 (D. Mass. 2017) (use of more than one mark made it unclear "which mark to attach to the [service]."); Order Granting Defendant's Motion for Attorney Fees and Sanctions in *The Most Worship National Grand Lodge v. United Grand Lodge GA AF & AYM, Inc. et al.,* 1:17-cv-02582, ECF No. 72, (N.D. Ga Oct. 15, 2019) (sanctioning the plaintiff for claiming common law rights when it failed to "produce any evidence regarding its use of the ***isolated phrase***.") (emphasis added).

**Defendant's Reply**: Plaintiff offers no evidence that the public record evidence is not admissible. *See* LR 56.1(B)(3)(b). The document  plainly relates to questions at issue in the case.